**DODDS & WEDEGARTNER, Inc., v. REED.**

No. 11364.

Court of Civil Appeals of Texas. Dallas. Feb. 10, 1934.

Rehearing Denied March 10, 1934.

Bishop & Holland, of Athens, and A. L. Montgomery, of San Benito, for appellant.

Wynne & Wynne and Jack T. Life, all of Athens, for appellee.

BOND, Justice.

Appellant, Dodds & Wedegartner, Inc., by verbal contract employed appellee, L. P. Reed, to supervise the construction of a portion of state highway No. 40, leading from Athens, Henderson county, to Mabank, Kaufman county, on a time salary and a percentage of the net profit realized on the road improvement. Before the road was completed, appellee was transferred from the construction by appellant to another project not involved in this suit. A dispute arose as to the terms of the contract of employment; appellant contends that it employed appellee at a monthly salary of $300 and a 15 per cent. bonus based on the net profit only on that portion of the road which appellee superintended, less the profit on cement; appellee contends that he was employed at a weekly salary of $75 and a bonus of 15 per cent. on the net profit on the entire project from Athens to Mabank, less the profit on cement. The salary is not

in controversy; the only issue being as to whether the 15 per cent. bonus was to be paid on the entire project, or only on the portion supervised by appellee.

The trial court submitted the case to the jury on the following pertinent special issues:

"Question No. 1: Do you find from a preponderance of the evidence that L. P. Reed entered into a verbal contract with Dodds & Wedegartner that he was to work for the said Dodds & Wedegartner and receive a salary of $75 per week and a bonus of 15 per cent of the profits made on the road contract on Highway No. 40 in Henderson and Kaufman Counties? Answer 'yes' or 'no.'

"Question No. 2: Deducting the profits made on account of the drop in the price of cement, what do you find from a preponderance of the evidence was the profit made by Dodds & Wedegartner on the entire work in building the road on Highway No. 40 in Henderson and Kaufman Counties? Answer in dollars.

"If you have answered question No. 1 'yes,' then you need not answer questions Nos. 3 and 4; but if you have answered question No. 1 'no,' then answer questions Nos. 3 and 4.

"Question No. 3: Do you find from a preponderance of the evidence that L. P. Reed entered into a verbal contract with Doods & Wedegartner whereby he, the said L. P. Reed, was to work for the said Dodds & Wedegartner and receive a salary of $75 per week and a bonus of 15 per cent of the profit made on that part of the road contract on Highway No. 40, which he, the said L. P. Reed, actually superintended? Answer 'yes' or 'no.'

"Question No. 4: Deducting the profits made on account of the drop in the price of cement, what do you find from a preponderance of the evidence was the profit made by the said Dodds & Wedegartner on that part of the road work in Kaufman and Henderson Counties that was actually superintended by the said L. P. Reed? Answer in dollars and cents as you find the facts to be."

Thus, we have the respective contentions of the parties succinctly submitted, giving to the jury in question form the issues raised by the pleadings, which we believe are supported by the testimony. The jury determined that the evidence preponderated in favor of appellee, showed the contract to be based upon the net profits on the entire project, amounting to $28,823, and on such ver-

dict judgment was rendered in appellee's favor for the sum of $4,323.45.

Appellant assigns as error the action of the court in placing in its charge the qualification permitting the jury to answer questions Nos. 3 and 4 only on a negative finding to question No. 1, thus depriving appellant of the affirmative presentation of its defensive issues. The rule in this state is settled that a defendant has the right to an affirmative presentation to the jury of any issue relied upon in his pleadings and raised by the evidence which, if true, would establish a defense to plaintiff's cause of action. Missouri, K. & T. Ry. Co. v. McGlamory, 89 Tex. 635, 35 S. W. 1058; St. Louis S. W. Ry. Co. v. Johnson, 100 Tex. 237, 97 S. W. 1039; Armour & Co. v. Morgan, 108 Tex. 417, 194 S. W. 942; Gammage v. Gamer Co. (Tex. Com. App.) 213 S. W. 930. Yet, we do not believe that the limitation placed upon the jury's action in this instance offends the rule. The charge did not prevent the jury from answering the questions embodying appellant's defense; under such charge, the jury had the right to reject or accept the contention of either party. The situation confronting the jury presented the two conflicting contentions as to the terms of the contract. The charge clearly brought the adverse contentions before the jury, in effect instructing it to effectually determine the rights of the parties. The charge placed no greater or lesser limitation upon appellant's defense than was placed on appellee's cause of action. It would have been useless to require a subsequent answer to an issue which, in effect, had previously been answered negatively by an affirmative finding on a sharp divergent issue. We therefore see no error in the trial court's instructing the jury that, if it answered question No. 1 "yes," it need not answer question No. 3, because an affirmative answer to question No. 1 is equivalent to a negative answer to appellant's contention, as submitted in question No. 3, and, to the same effect, a negative answer to question No. 1 is tantamount to a finding that the contract was not as contended by appellee. A negative answer to question No. 1 necessarily would call for a finding by the jury to questions Nos. 3 and 4, as appellee had a right of recovery on appellant's contention to a lesser amount than that of his own; so, in our opinion, the court correctly charged the jury to answer the questions embodying the contention of appellant in the event it answered question No. 1 "no."

Appellant further contends that appellee is not entitled to recover on the contract, but is necessarily relegated to an action on quantum meruit, or for damages for the breach, and that the court erred in rendering judgment against it on the finding of the jury. Appellant bases the contention on the contract sued on which, as alleged, required his personal management, control, and supervision of the entire road project, while the uncontroverted testimony shows that appellee, before the improvement was completed, was transferred from the project to another construction, thus did not fulfill the alleged covenant to supervise and manage. We do not agree with appellant's contention. The rule is generally stated that: "A party cannot recover on an entire contract without showing full performance of its provisions on his part, and hence cannot recover on proof of part performance only. Any right of recovery he may have as a result of part performance is on a quantum meruit. But he may recover on the contract, although he has only partially performed, where the contract itself fixes the right of the parties in such circumstances, and if performance is wrongfully prevented by the other party, he may recover, either on the contract or on a quantum meruit at his election." 10 Tex. Jur. p. 410, § 235. However, the record reveals that appellant was the moving cause of the transfer of appellee's services. The transfer was made without reference to the contract of employment, merely shifting appellee's services from one project to another, for the mutual good of the contracting parties. It is evident the parties did not contemplate that such transfer would operate as a hindrance to or avoidance of their obligations under the contract. Appellee acquiesced in the transfer and for the employment of another in his stead to supervise and manage the construction during his temporary absence from his duties; thus any failure of performance by appellee enured to the benefit of appellant. The contract required payment of a bonus on the net profits, which could be ascertained only on the completion of the improvement. Therefore, all incidental expenses, including that of a substitute supervisor and manager, were deducible in ascertaining the net profit. Under the circumstances, appellee did not breach the contract; the performance was prevented by appellant, thus excusing appellee's participation therein. We believe the rule is that, where a party in whose favor something is to be done prevents that performance and the other party is not in default, a recovery may be had as if the act had been performed.

Appellee's cause of action is based upon a completed undertaking, and the fact that he was prevented by appellant from supervising the contraction does not militate against his recovery on the contract. We conclude that appellee may recover, either on the contract or on a quantum meruit.

We have reviewed all of appellant's assignments, and, finding no error, they are expressly overruled. A careful examination of the record discloses no reason for disturbing the judgment of the lower court, and the judgment is therefore affirmed.

Affirmed.