**HOFFMAN v. OVERTON REFINING CO. et al.**

**No. 5056.**

Court of Civil Appeals of Texas. Texarkana.

Nov. 16, 1937.

Rehearing Denied Nov. 25, 1937.

Mayfield & Grisham, of Tyler, for appellant.

Phillips, Trammell, Estes, Edwards & Orn and Chizum & Estes, all of Fort Worth, Brachfield & Wolfe, of Henderson, and B. T. Fitzhugh, F. W. Fischer, and A. A. Garrett, all of Tyler, for appellees.

JOHNSON, Chief Justice.

Appellant, P. L. Hoffman, filed this suit January 23, 1935, against appellees, Overton Refining Company and others, in trespass to try title to the seven-eighths mineral leasehold estate in four tracts of land described in plaintiff's petition, alleged to be a part of the F. Cardova League located in the town of London, Rusk county. Defendants pleaded not guilty. Trial was had to a jury. At the close of plaintiff's evidence the court peremptorily instructed the jury to return verdict for defendants. The verdict was rendered and judgment entered accordingly. Plaintiff has appealed.

The parties will be referred to as they were aligned in the trial court, plaintiff and defendants.

Plaintiff's assignments of error are all leveled at the action of the trial court in directing the verdict for defendants. After careful study of the record, we are of the opinion that the learned trial judge committed no error.

It appears that plaintiff failed to establish title to the land sued for and relies upon the doctrine of prior possession for his claim of right to recover against defendants in this suit. Plaintiff is the assignee of an oil and gas lease from D. E. Pruitt and W. L. Deininger, who were lessees of the heirs of one A. L. Towns, deceased, who occupied some land in the town of London, Rusk county, between the years 1863 and 1877. Plaintiff's witness J. G. Towns testified that he (witness) was born in 1863; that he was a nephew of said A. L. Towns; that witness moved to the town of London when he was three or four years

of age; that A. L. Towns was then living in the town of London and was operating a blacksmith shop and woodshop there; that witness lived in and around the town of London until he was thirteen or fourteen years old; that A. L. Towns "left there about the year 1877." The witness attempts to identify the land formerly occupied by A. L. Towns. We are of the opinion that the testimony of said J. G. Towns, together with the testimony of plaintiff's surveyor, fails to show that the land claimed to have been occupied by A. L. Towns is the same land described in plaintiff's petition. Should it be assumed that the testimony identifies the land occupied by A. L. Towns and also shows it to be the same land described in plaintiff's petition, it is still wanting in the particulars subsequently discussed, to establish plaintiff's right to recovery by reason of Towns' prior possession.

It is not shown that Towns or any one for him had possession of the land at the time of defendants' entry; on the other hand, there is no inference in the testimony but that Towns abandoned the possession of the land in 1877, approximately sixty-eight years before this lawsuit arose, and during which time he nor his heirs or assigns either possessed or made claim to the land. In Byers v. Christian (Tex.Civ. App.) 87 S.W.(2d) 314, 315, it is said:

"The only error assigned is to the action of the court in peremptorily charging in favor of defendants. In that connection appellants invoke the well-known rule that prior possession raises a presumption of title in favor of the possessor and is sufficient evidence of title to maintain an action of trespass to try title against a trespasser.

"The rule is one of evidence merely. The evidence shows Mrs. Reed voluntarily abandoned possession of the land at least thirty years before the suit was filed.

"Under such circumstances, it has been often held that such prior possession alone is insufficient to support recovery. Wilson v. Palmer, 18 Tex. 592; Conn v. Marshburn (Tex.Civ.App.) 169 S.W. 1113; Romine v. Littlejohn (Tex.Civ.App.) 106 S. W. 439; Adels v. Joseph (Tex.Civ.App.) 148 S.W. 1154; Sabariego v. Maverick, 124 U.S. 261, 297, 8 S.Ct. 461, 31 L.Ed. 430."

There is also another ground sustaining the action of the trial court in directing a verdict against plaintiff. The oil and gas lease under which plaintiff claims title was executed by the heirs of A. L. Towns on June 20, 1932. It contains the following provision: "Subject to the other provisions herein contained, this lease shall be for a term of one year from this date (called 'Primary Term') and as along thereafter as oil, gas and other mineral is produced from said land hereunder." This suit was filed January 23, 1935, more than two and one-half years after the lease was executed, and more than one and one-half years after the lessees' estate had terminated by reason of the express provision above quoted of the lease, since no oil, gas, or other minerals had been or were then being produced under the lease. Plaintiff does not claim that any oil, gas, or other minerals have been produced under the lease or that he has made any effort toward development. His contention is to the effect that the primary terms of one year of the lease should be held to have been extended, because, it is contended, his lessors failed to assist him in curing some forty or fifty objections made by plaintiff's attorney to the sufficiency of the records in showing a merchantable title. Just what the defects were that plaintiff's attorney pointed out to the sufficiency of the records in showing a merchantable title in lessors is not shown in the evidence. However, it is apparent that such records did not show title in lessors. The particular conduct of which plaintiff charges his lessors is that they failed to attend court and testify as to their heirship, in a suit filed by plaintiff to meet the objections made by his attorney. There is no provision in the lease, nor is there shown any contract, obligating lessors to attend court or to otherwise assist plaintiff in his desire to improve the record condition of the title which he had acquired under the lease.

In point of law plaintiff relies upon the rule stated in Miller v. Hodges (Tex. Com.App.) 260 S.W. 168, 172, which we quote: "It is a universal maxim that, where the obligation of a party depends upon a certain condition being performed, and the fulfillment of that condition is prevented by the act of the other party, the condition is considered as fulfilled. It follows, therefore, that where the lessor in an oil and gas lease brings suit to have it decreed void, or declared terminated, and thereby interrupts the term during which the lessee would otherwise be able to operate and his suit is eventually and after the expiration of such term unsuccessful, the interruption cannot be charged to the lessee; but a rea-

sonable time after the termination of the litigation will be allowed him in which to perform the conditions required of him."

There is no doubt but that the rule of law and its application above quoted is sound, but we do not think plaintiff's evidence brings his case within the rule. That is to say, plaintiff may not indefinitely hold the grant under the lease and at the same time fail to comply with its conditions as to development, on the ground alone that the record failed to reflect a merchantable title, and in the absence of any agreement on the part of lessors to furnish such a title.

Plaintiff further asserts that some of his lessors joined with third parties in a subsequent or "top" lease to one Yandell Rogers covering the land or a part of the land included in plaintiff's lease. The Yandell Rogers lease was introduced in evidence by plaintiff. It shows to have been executed October 31, 1934, more than two years after plaintiff's lease was executed, and more than one year after it had expired. We are unable to find in the record anything done or failed to have been done by the lessors warranting plaintiff's failure to develop the property during the primary term of one year from the date of the lease.

The judgment is affirmed.