## BABB v. MIL–PO CLOTHES, Inc.

### No. 1788.

Court of Civil Appeals of Texas. Eastland.

May 6, 1938.

Rehearing Denied June 3, 1938.

W. E. Lessing, of Abilene, for appellant.

Smith & Eplen and E. S. Cummings, all of Abilene, for appellee.

GRISSOM, Justice.

In 1934 plaintiff, A. R. Babb, was employed as a salesman for Herman Miller, Inc. The contract provided that Babb's compensation should be five per cent of all orders obtained by Babb and accepted by Herman Miller, Inc. The agreement as to compensation was made by letters exchanged by Herman Miller, President of Herman Miller, Inc., and Babb.

In 1935, the same Miller was President of defendant, Mil-Po Clothes, Inc. Miller, by letter, advised Babb that Babb might

act as salesman for Mil-Po Clothes, Inc. Many letters between plaintiff and defendant were introduced in evidence. Prior to the time Babb commenced his work for Mil-Po it wrote Babb: "But as far as the drawing is concerned we will work with you as in the past. We will advance you some money on business received." When Mil-Po sent its samples to plaintiff it sent Babb a price list, and with reference thereto said: "This is the price you must get, with the exception, if you want to make an allowance to some one you will have to take less commission on the order." In June defendant wrote: "Regarding the Mil-Po Clothes, Inc., we advised you that we would send you weekly $25.00 against your commissions as long as you kept sending in business." In July, Babb wrote defendant saying: "I can't make up a statement as I do not know to the dollar what was shipped, so you make one up and send to me so I can check up." The correspondence between the parties frequently referred to Babb's commission. Several checks for $25 each, executed by defendant payable to plaintiff, were introduced in evidence. All but one had the notation "A/C Commission" or "Against Commission" written thereon. The per cent of the sales to be paid Babb by defendant was not stated in the letters exchanged by plaintiff and defendant.

Plaintiff sued defendant for $1,000 for commissions alleged to have been earned by plaintiff while working for Herman Miller, Inc., for $2,000 alleged by plaintiff to be the reasonable value of services rendered by plaintiff as salesman for Mil-Po Clothes, Inc., and for $1200 for alleged reasonable expenses incurred by plaintiff in selling clothes for defendant.

In answer to special issues submitted to the jury, it found: (1) That Mil-Po Clothes, Inc., through its President, Herman Miller, requested plaintiff to sell clothing for it; (2) that plaintiff began selling clothing for defendant about April 1, 1935; (3) that plaintiff was engaged in selling clothing for defendant for 26 weeks; (4) that the reasonable value per week of plaintiff's services was $50; (5) that $30 per week was the reasonable amount of expenses incurred by plaintiff in selling clothing for defendant; (6) that plaintiff agreed to sell defendant's products for a commission of five per cent on orders accepted by defendant; (7) that the commissions earned by plaintiff under said agreement amounted to $338.06; (8) that defendant paid plaintiff $325; (9) that plaintiff failed to return to defendant one suit of clothes; (10) that plaintiff did not fail to return defendant's samples; (12) that plaintiff is not indebted to defendant. (Defendant's requested issue No. 1), that the only contract or basis of employment that plaintiff ever had with defendant was one whereby plaintiff was to sell defendant's merchandise on a commission basis only.

Defendant's answer contained, among other things, a general denial and a special denial "that it ever entered into any contract with plaintiff on a quantum meruit basis, but the only contract it ever had with plaintiff was one on a commission basis." Defendant alleged the amount of orders obtained by plaintiff and accepted by defendant aggregated $6,773.03; "that 5% commission on this sum would be $338.65." That plaintiff had been paid $325; that plaintiff had failed to return samples of the value of $51.50; that plaintiff had been overpaid in the sum of $37.85. Defendant filed a cross-action for damages allegedly suffered by it by reason of the service of writs of garnishment by plaintiff on some of defendant's customers, etc.

Upon the verdict of the jury the court rendered judgment denying both plaintiff and defendant any recovery. Plaintiff has appealed.

■ Plaintiff assigns as error the admission of testimony of defendant's bookkeeper that a 5 per cent commission on the amount of sales as shown by defendant's records amounted to $———. The testimony was objected to "because the records in this cause conclusively showed that all transactions between the plaintiff and the defendant was had by correspondence admitted in evidence, none of which correspondence mentioned a commission of five (5) per cent and said testimony, tended to change the terms of the written instruments relied upon, was immaterial and irrelevant and a conclusion of the witness as to the meaning of the instruments in evidence." Error is also assigned to the admission, over like objection, of testimony (1) that plaintiff by deposition in the case, prior to the filing of the amended petition on which he went to trial, had stated that plaintiff was to receive a five per cent commission on sales made by him for defendant, and (2) allegations in his former petitions to the same effect.

We think the evidence was admissible. 17 Tex.Jur. secs. 237 and 238, p. 571 et seq. Id. pp. 802, 803; 10 R.C.L. 1019; 22 C.J. 1144.

Plaintiff also assigns as error the submission of special issues Nos. 6 and 7 and defendant's specially requested issue No. 1, same being as follows:

"6. Do you find from a preponderance of the evidence that the plaintiff, A. R. Babb, agreed, to sell the products of the Mil-Po Clothes, Inc. and to receive as his compensation therefor a five per cent commission on all orders accepted, shipped and paid for?

"7. What do you find from a preponderance of the evidence was the amount of the commission earned by the plaintiff under the agreement, if any, inquired about in the foregoing special issue?"

"Defendant's Requested Issue No. 1. Do you find from a preponderance of the evidence that the only contract or' basis of employment which A. R. Babb ever had with the defendant was one whereby he was to sell their merchandise on a commission basis only?"

The exceptions to said issues were that they were not raised by the pleadings and evidence.

We think the fact that plaintiff was employed by Herman Miller, Inc., acting through Herman Miller, as salesman, with his compensation fixed at 5 per cent commission and the subsequent employment of plaintiff on a commission basis by Mil-Po Clothes, Inc., acting through the same Herman Miller, although without any specific statement in the correspondence which constituted the contract of the amount or per cent of commission to be paid plaintiff, constituted some evidence that the same commission formerly paid to plaintiff by Herman Miller, Inc., that is, five per cent, was intended. Such evidence was strongly reinforced by evidence the plaintiff had in this case by deposition testified that his agreement with defendant for compensation was that he was to be paid five per cent commission, and by proof of plaintiff's allegations of that fact in his two previous petitions in this case. Plaintiff's depositions and superseded pleadings showed that he had so construed his contract with defendant until the trial of the cause.

As heretofore stated, defendant's pleadings included a general denial and a special plea to the effect that the only contract between the parties was for compensation of plaintiff on a commission (not a quantum meruit) basis. We think this a sufficient pleading to support the issues in question. Certainly defendant might in refutation of plaintiff's contention show a different agreement for compensation. Colorado & S. Ry. Co. v. Rowe, Tex.Com. App., 238 S.W. 908.

Plaintiff admits that he failed to show liability of defendant for service performed for Herman Miller, Inc., and that phase of the case need not be further considered.

Before plaintiff can recover for the reasonable value of his services rendered to defendant and expenses incurred in performing such services he must establish the fact, substantially alleged, that he was induced to perform such services for defendant and that there was no agreement fixing the amount of his compensation. The jury having found an agreement between plaintiff and defendant fixing plaintiff's compensation at 5 per cent of his sales, and that such agreement was the only contract or basis of plaintiff's employment, plaintiff has failed to establish the cause of action alleged and recovery is thereby precluded. Jennings v. Texas Farm Mort. Co., 124 Tex. 593, 80 S.W.2d 931, 934; 25 Tex.Jur. 505; 33 Tex.Jur. 466, 467, 661.

Plaintiff contends the court erred in overruling his motion for judgment non obstante veredicto. If the motion should have otherwise been sustained, to which we do not agree, no error is shown for the reason that notice of such motion is not disclosed by the record. Art. 2211, R.S.1925, Vernon's Ann.Civ.St. art. 2211.

We have carefully considered all assignments of error. They are overruled. The judgment is affirmed.