Robert COX et ux., Appellants,

v.

KTM DRILLING, INC., Appellee.

No. 7525.

Court of Civil Appeals of Texas.

Amarillo.

Oct. 18, 1965.

Rehearing Denied Nov. 15, 1965.

Lemon, Close & Atkinson, Perryton, for appellants.

Linn & Helms, Spearman, for appellee.

NORTHCUTT, Justice.

This is a suit brought by KTM Drilling, Inc., a corporation, hereinafter referred to as appellee, against Robert Cox and wife, hereinafter referred to as appellants, to recover upon an oral contract to drill an irrigation water well and to foreclose a mechanic's and materialman's lien upon Section 9, Block 2, S.A. & M.G.R.R. Co. Survey, Hansford County, Texas. Appellants are owners of the land upon which the well was drilled. The appellee agreed to drill an irrigation well that was straight and sand free for $12.00 per foot. Appellee was to furnish casing and appellants were to furnish bailing gravel and their pump. Appellee drilled the well and placed the casing therein. The well was producing sand and appellee bailed the well for some time to remove the sand. Appellants' pump was placed in the well and was operated for several days as appellants were needing the water but continued to pump some sand. The pump was pulled and the bailing was started again by appellee. After rebailing for several hours, Mr. Holton, who was doing the bailing, informed Mr. Cox the well was ready and to place the pump back in the well. Thereafter Mr. Cox refused to permit the pump to be used any further. Appellee moved from the premises and brought this action to recover for the value of the gravel and for drilling the well.

The case was submitted to a jury upon special issues. The jury found that at the time the well had been rebailed it could reasonably be expected to be completed a sand-free well; that under the circumstances and conditions then existing, appellants should have permitted the use of their pump in an effort to complete the well after the rebailing operation; and that appellee was prevented by appellants from completing the well by appellants' refusal to allow their pump to be used in such completion after the rebailing operation. Upon the findings of the jury, judgment was granted in favor of appellee for $6,530.00, being the amount due for the gravel and drilling of the well. From that judgment appellants perfected this appeal.

In considering this case it will be noticed that there were no requested issues submitted by either party to the suit. By appellants' first two points of error it is contended the court erred in failing to submit an issue as to whether or not the appellee had performed its contract or was ready, willing and able to perform his contract to drill and complete a sand-free irrigation well, and in assuming the appellee was ready, willing and able to perform its contract. Appellants' Points 3 and 4 are that there was insufficient evidence to support the submission of Special Issue No. 1 and that the answer of the jury to Special Issue No. 1 was against the overwhelming weight and preponderance of the evidence.

Special Issue No. 1 was as follows: "Do you find from a preponderance of the evidence that at the time the well in question had been rebailed such well could reasonably be expected to be completed as a sand-free well?" The jury answered, "Yes."

It is undisputed that appellee drilled the well in question to the depth agreed upon and placed the casing therein. It is also agreed that appellants were to furnish the pump. The pump was to be used after the bailing to clear up the water. After the well was drilled and the casing placed therein, the appellee bailed for sometime. The pump was used for several days and produced some sand. It is undisputed that the appellee than bailed the well for some time and informed appellants the well was ready to be pumped but appellants refused

to permit their pump to be used. It is undisputed that appellee was doing everything possible to complete a sand-free irrigation well. We think the ultimate question here involved is (after drilling the well and doing the things that had been done) whether appellee could have produced a sand-free well. The undisputed record shows he was ready and willing to proceed in performing the contract to drill and complete a sand-free well. Then the sole question would be would appellee have been able to produce a sand-free well by proceeding according to the contract.

Special Issue No. 2 is as follows: "Do you find from a preponderance of the evidence that under the circumstances and conditions then existing Defendants should have permitted the use of their pump in an effort to complete said well after the rebailing operation?"

Special Issue No. 3 is as follows: "Do you find from a preponderance of the evidence that Plaintiff, KTM Drilling, Inc., was prevented by Defendants from completing said well by Defendants' refusal to allow their pump to be used in such completion after the rebailing operation?"

The jury answered "Yes" to both Special Issues Nos. 2 and 3. Appellants agree they were to furnish the pump and refused to permit the pump to be used by appellee after the bailing. There was no other way to complete the irrigation sand-free well under the terms of the contract than to drill the well, place the casing in the well, use the bailing gravel and after proper bailing, to pump the water to make it sand free. We think under the undisputed record as found by the jury in answer to Special Issues Nos. 2 and 3 that appellants, by refusing to furnish the pump after the rebailing, prohibited appellee from proceeding with his contract to produce a sand-free well.

It is elementary that where a contract has been substantially performed and an attempt to complete performance is refused the refusal excuses any further attempts on the part of the party offering performance. Atomic Fuel Extraction Corporation v. Slick's Estate, Tex.Civ.App., 386 S.W.2d 180 (N.R.E.); Hoffman v. Overton Refining Co., Tex.Civ.App., 110 S.W.2d 93; Miller v. Hodges, Tex.Com. App., 260 S.W. 168; Sanderson v. Sanderson, 130 Tex. 264, 109 S.W.2d 744; Dodds & Wedegartner v. Reed, Tex.Civ.App., 69 S.W.2d 165 (writ dismissed).

The undisputed evidence herein is that appellee was not in any manner in default but was doing everything possible to complete a sand-free well as contracted. Appellee had rebailed the well to where he thought by the use of the pump (as contracted) the pumping would clear the well of sand. Appellants requested further bailing. The appellee complied with that request but appellants still refused the use of their pump as they had contracted to do. We are of the opinion, and so hold, that when appellants refused further use of their pump, that excused any further attempts on the part of appellee offering performance. We have reviewed all of appellants' assignments and finding no error, they are expressly overruled.

Judgment of the trial court is affirmed.