HOUSTON COUNTY, Texas, Appellant,

v.

LEO L. LANDAUER & ASSOCIATES, INC., Appellee.

No. 322.

Court of Civil Appeals of Texas.

Tyler.

Feb. 8, 1968.

Rehearing Denied Feb. 29, 1968.

J. B. Sallas, Nat Patton, Jr., County Atty., Crockett, for appellant.

Adams, Granberry & Hines, F. P. Granberry, Crockett, for appellee.

DUNAGAN, Chief Justice.

This is a proceeding brought originally by appellee, Leo L. Landauer & Associates, Inc., against Houston County, Texas.

On October 9, 1959, the appellee, an architectural firm with offices located in the City of Dallas, Texas, entered into and executed a written contract with the County Judge and Commissioners' Court of Houston County, Texas, who were acting for and on behalf of the county. The written agreement was prepared by the appellee which contained certain agreements previously discussed and agreed upon orally by appellee and appellant. The entire contract is as follows:

"LEO L. LANDAUER AND ASSOCIATES, INC.
Consulting Engineers

Leo L. Landauer
Maury Hughes, Jr.
N. J. Putnam
W. J. McCormick
A. J. Bryan, Jr.

4801 Lemmon Ave.
Dallas, Texas

October 5, 1959

The Honorable County Judge
and Members of the Commissioners' Court
Houston County
Crockett, Texas

Gentlemen:

In accordance with our discussion and agreement of September 28, 1959, regarding the proposed air conditioning system for the Houston County Courthouse at Crockett, Texas, we will survey the courthouse, prepare the necessary studies, calculations, plans and specifications for competitive bidding; advertise and submit the bidding documents to recognized contractors; analyze the bids and assist in the preparation of the necessary contracts; check shop drawings and supervise the work of installation for a fee of ten (10) percent of the lowest acceptable bid.

Seventy-five (75) percent of the total fee is attributable to the design stage and is due and payable upon delivery of the final plans and specifications. The remaining is chargeable to supervision and is payable upon completion of the work of installation.

In the event that construction funds have not been appropriated at the time that the plans and specifications are complete and delivered to you, and you elect to not take bids at that time; or in the event of abandon-

ment or indefinite postponement for any other reason, then the payment of our fee shall be based on construction costs as determined by a qualified estimator.

Respectfully yours,

LEO L. LANDAUER & ASSOCIATES, INC.

/s/ W. J. McCormick

W. J. McCormick

ACCEPTED:

DATE___October 9, 1959___

/s/ Albert K. Daniel
Albert K. Daniel, Judge, Commissioners' Court

/s/ O. W. Davis
O. W. Davis, Commissioner, Pct. #1

/s/ F. M. Thomas
Fred Thomas, Commissioner, Pct. #2

/s/ C. D. Allen
Charles Allen, Commissioner, Pct. #3

/s/ H. E. Ainsworth
Herman Ainsworth, Commissioner, Pct. #4    "

———◆———

The appellee by this suit is seeking to recover architectural fees under the terms of the above contract. Appellee by its first amended original petition, the pleading upon which the case proceeded to trial, plead its full and complete performance of the contract.

The appellant answered and pleaded that the plans and specifications were not delivered until sometime during the year 1963 and that such lapse of time constituted an unreasonable delay and non-performance on the part of the appellee. The appellant further answered and denied liability under the terms of the agreement because of appellee's failure to submit the plans and specifications and other bidding documents to recognized contractors as provided in the writtten agreement and that such breach relieved the appellant (Houston County) of any liability by virtue of the written contract.

The record shows that the parties, before announcing for trial, in open court stipulated and agreed to submit to the court, without intervention of the jury, the issues as to: (1) whether or not plaintiff-appellee was entitled to recover from defendant-appellant an attorney's fee, and (2) if entitled to recover same, the amount of such reasonable attorney's fee.

This case was submitted to a jury on six Special Issues. The jury's answers thereto were returned to and accepted by the court.

Thereafter, appellee filed its motion for judgment based upon the jury's answers to the Special Issues submitted, and therein requested the court to make such findings as were appropriate pertaining to the allowance and amount of the attorney's fee. Appellant timely filed its motion for judgment and in this motion appellant asserted that the jury's answer to Special

Issue No. 4 should be disregarded because, as a matter of law, the admitted lapse of time between October 5, 1959, the date of the written agreement, and June 14, 1962, the date the plans and specifications were deposited with the Houston County Clerk, was an unreasonable delay, and after so disregarding said Special Issue, rendered judgment for it. The motion further set out that a member of appellee's firm admitted in his testimony that the appellee did not advertise or submit the bidding document to recognized contractors and that as a result of this admitted breach on the part of the appellee, bids were not received by the appellee and submitted to the Houston County Commissioners' Court according to the provisions and terms of the written agreement, and therefore, in view of such admitted breach of the contract, there was no liability on the part of the Houston County Commissioners' Court as a matter of law. The court overruled appellant's motion and then rendered judgment for appellee on the jury's verdict in the sum of $3,450.00 but denied its claim for attorney's fee.

■ Appellant did not file a motion for new trial. Therefore, it is confined to the grounds raised in its motion for judgment, which was duly overruled by the court. Abbott v. Earl Hayes Chevrolet Company, 384 S.W.2d 782, (Tex.Civ.App., Tyler, 1964, n. w. h.).

Appellant has based its appeal upon two Points of Error. It first contends that the court erred in not disregarding the jury's answer to Special Issue No. 4[1] because, as a matter of law, the lapse between the time appellee was authorized to prepare the plans and specifications and the time such plans and specifications were actually deposited with the County Clerk

of Houston County, Texas, was an unreasonable delay. This contention is overruled.

The evidence shows that on October 5, 1959, appellee made a written contract with appellant obligating appellee to survey the courthouse, prepare the necessary studies, calculations, plans and specifications for competitive bidding; advertise and submit the bidding documents to recognized contractors; analyze the bids and assist in the preparation of the necessary contracts; and check shop drawings and supervise the work of installation of an air conditioning system in the Houston County Courthouse. On October 9, 1959, the County Judge mailed the executed contract to appellee and in the letter of transmittal called appellee's attention to the fact that funds would not be available for the job, including appellee's fee (which is the subject matter of this lawsuit) before January 1, 1960, and stated "So you may plan your work accordingly." Appellee met with the Commissioners' Court February 2, 1960, and reviewed the plans and specifications and answered the Court's questions. On March 7, 1960, appellee, in writing, notified appellant that plans and specifications were ready for bidders and that advertising should be done. On March 9, 1960, the County Judge wrote appellee stating that the court "yesterday refused to advertise the air conditioning job for bids" and, among other things, stated "I certainly think you are entitled to your adjusted 10% engineering fee, * * *."

On March 11, 1960, appellee wrote appellant urging it to prosecute the project to completion and thereafter, on March 14, 1960, the County Judge by letter informed appellee that the court wanted appellee to prepare, at no cost to appellant, plans and specifications for a natural gas

---

1. Special Issue No. 4: Do you find from a preponderance of the evidence that such delay by Plaintiff in delivering, if it did, such plans and specifications, if any, to Defendant, constituted an unreasonable delay upon the part of the Plaintiff? ANSWER: "WE DO NOT."

powered system instead of an electric system as originally planned, and stated that the court had indicated that they would accept any bid that did not exceed $40,000.00. On March 24, 1960, appellee by telegram advised appellant "ELECTRIC-GAS AIR CONDITIONING PLANS COMPLETE. ADVISE US WHEN AND HOW ADVERTISED." On March 28, 1960, the County Clerk wrote appellee: "The Commissioners asked me to inform you that our County Judge is seriously sick in a hospital, and the Court feels that they should wait until he either gets back to the office, or another Judge is appointed. As soon as this problem is solved, we will inform you what to do."

The court never did authorize appellee to proceed after the dual (electric-gas) plans were completed. An officer of Leo L. Landauer & Associates, Inc., appellee, testified that appellee never did advertise for bids because "The court told us they would advertise." The court again agreed to advertise for bids on June 11, 1962, but this was never done. Appellee's witness and one of its officers, McCormick, testified that appellant had never indicated any dissatisfaction on account of any delay by appellee prior to the trial of this case. It appears that appellee was ready and willing at all times to perform the obligations imposed upon it under the terms of the contract. A copy of the plans and specifications was physically delivered on or about June 14, 1962, and the jury found this to be the date of delivery. The jury also found that the appellee prepared and completed the plans and specifications in accordance with the written agreement dated October 5, 1959. The jury's finding on this issue is not attacked.

■ In the contract here under consideration, no time was fixed therein for performance. It is the settled law of this state that where the contract does not fix a time for performance, the law allows reasonable time for its performance. Texas Farm Bureau Cotton Ass'n. v. Stovall, 113 Tex. 273, 253 S.W. 1101, 1106, (1923); Cheek v. Metzer, 116 Tex. 356, 291 S.W. 860, 863, (1927, judg. adopt.). A reasonable time has been defined to be such time as is necessary, conveniently, to do what the contract requires to be done, and as soon as circumstances will permit. Reasonable time depends on the circumstances in each case, including the nature and character of the thing to be done and the difficulties surrounding and attending its accomplishment and is generally for the jury. Hamilton v. Shirley-Self Motor Co., 202 S.W.2d 952, (Tex.Civ.App. Fort Worth, 1947, writ ref., n. r. e.); Hart v. Bullion, 48 Tex. 278, 289; Cheek v. Metzer, supra; Ridglea Interests, Inc. v. General Lumber Company, 343 S.W.2d 490, 493, (Tex.Civ.App., Fort Worth, 1961, writ ref., n. r. e.); Fisher v. L. E. Whitham & Co., 120 Tex. 516, 39 S.W.2d 869, 79 A.L.R. 1095, (1931, judg. adopt.). The difficulty of the performance may be a circumstance to postpone the time. Bush v. Merrill, 156 S.W. 606, 610, (Tex.Civ.App., Amarillo, 1913, aff., Tex.Com.App., 206 S.W. 834).

■■ It has been said "That which constitutes a reasonable time is a question of fact or, at least, a mixed question of law and fact and depends upon the circumstances surrounding the case to which the principle is sought to be applied. What would be a reasonable time in one case might be wholly inadequate to shut off the rights of parties in a different case or under different circumstances." Meers v. Frick-Reid Supply Corporation, 127 S.W.2d 493, 497, (Tex.Civ.App., Amarillo, 1939, writ dism., judg. cor.); Lewis v. Clark, 149 S.W.2d 244, (Tex.Civ.App., San Antonio, 1941, writ dism., judg. cor.). When the evidence is such that reasonable minds cannot differ as to its verity and inference, a question of law is presented. Lewis v. Clark, supra; Kirby Lumber Co. v. Temple

Lumber Co., 125 Tex. 284, 83 S.W.2d 638, 642, (1935).

Also, it has been held in this state that it is a question of fact for the jury when it depends upon facts extrinsic to the contract and which are matters in dispute. McGary v. Campbell, 245 S.W. 106, 115, (Tex.Civ.App., Beaumont 1922, writ dism.).

Rule 301, Texas Rules of Civil Procedure, authorizes motions for judgment notwithstanding the verdict and motions to disregard the jury's answers to certain issues and after disregarding such answers to render judgment for the movant on the remaining portion of the judgment. Where a motion is one to disregard certain jury findings (as distinguished from a motion to disregard the whole verdict), the test as to whether such answers should be disregarded is whether there is any evidence to support the answers. Collier v. Hill & Hill Exterminators, 322 S.W.2d 329, 73 A.L.R.2d 1141, (Tex.Civ.App., Houston, 1959, n. w. h.).

If there is any evidence of probative force, from which reasonable minds might come to the conclusion that the jury came to, then there is "some evidence" to support the finding of the jury, and it then becomes the duty of the court to enter judgment in keeping with such finding. The fact that there may be evidence to the contrary is immaterial. Biggers v. Continental Bus System, 157 Tex. 351, 298 S.W.2d 79, 303 S.W.2d 359; Martinez v. Welcome, 335 S.W.2d 254, (Tex.Civ.App., San Antonio, 1960, ref. n. r. e.)

After reviewing all the testimony in its most favorable light in support of the verdict as we are required to do, Texas & Pacific Railway Company v. Mc-Cleery, 418 S.W.2d 494, (Tex.Sup., 1967), it appears to us that there was at least some evidence of probative force to raise an issue of fact upon the question of whether or not such delay by appellee in delivering such plans and specifications constituted an unreasonable delay. See Longinotti v. McShane, 184 S.W. 598, (Tex.Civ.App., Texarkana, 1916, writ. ref.).

Appellee admits it did not advertise or submit the bidding documents to recognized contractors as provided for by the terms of the written contract. Appellant contends that this is an admission of a breach of the written contract on the part of the appellee and consequently as a matter of law it cannot recover its fees for services rendered as provided for in said contract. This contention is overruled. In support of its position, it relies upon the rule of law "that a party to a contract who is himself in default cannot maintain a suit for its breach." We recognize this well established rule of law. However, under the evidence as reflected in this record, we are of the opinion that this case falls within the equally well established rule of law that "where the obligation of a party depends upon a certain condition being performed, and the fulfillment of that condition is prevented by the act of the other party, the condition is considered as fulfilled." Miller v. Hodges, 260 S.W. 168, 172, (Tex.Com.App., 1924, judg. adopt.); Sanderson v. Sanderson, 130 Tex. 264; 109 S.W.2d 744, 749, (1937, judg. adopt.); Dodds & Wedegartner, Inc. v. Reed, 69 S.W.2d 165, (Tex. Civ.App., Dallas, 1934, writ dism.); Cox v. KTM Drilling, Inc., 395 S.W.2d 851, (Tex.Civ.App., Amarillo, 1965, writ ref., n. r. e.); Hutson v. Chambless, 157 Tex. 193, 300 S.W.2d 943, (1957); Atomic Fuel Extraction Corporation v. Slick's Estate, 386 S.W.2d 180, (Tex.Civ.App., San Antonio, 1964, writ ref., n. r. e., 403 S.W.2d 784).

Witness McCormick testified that at his meeting with the Commissioners' Court on February 22, 1960, the Commissioners' Court told him that they would

take care of and do the advertising of these contracts for competitive bidding and that they were going to forego that part of the contract and that he and the Commissioners' Court so agreed. Mr. McCormick further testified that at this meeting, it was pointed out to him that Houston County would take care of the official advertising in accordance with their normal practice. In view of this testimony, we cannot say that appellee's admission that it did not advertise or submit the bidding documents to recognized contractors establishes, as a matter of law, a breach of the contract.

The appellee makes the following contention in support of the judgment: "This is an appeal from a judgment refusing to grant judgment notwithstanding the verdict (with no Motion for New Trial) and, since the record does not affirmatively disclose that Appellee was ever given notice of the filing of the Motion for Judgment notwithstanding the verdict, and does not disclose that Appellant waived such notice, the Appellant had no basis for this appeal and this Honorable Court cannot consider the matters set forth in such motion which constitute the two points contained in Appellant's brief. There is nothing before the Court for review."

■ Appellee considers appellant's motion to be one for judgment non obstante veredicto. Appellant argues that it is a motion for judgment on the verdict. Appellant, we think, in effect, presented to the court two motions: one to disregard the jury's finding in response to Special Issue No. 4 and the other for judgment notwithstanding the jury's verdict, each of which comes within the provisions of Rule 301, T.R.C.P., requiring reasonable notice thereof. The former is "an entirely different thing" from the latter. Pelham Manufacturing Company v. Ridlehuber, 356 S.W.2d 502, (Tex.Civ.App., 1962, Waco, writ ref., n. r. e.); Collier v. Hill & Hill Exter-

minators, 322 S.W.2d 329, 332, (Tex.Civ. App., Houston, 1959, n. w. h.); Teston v. Miller, 349 S.W.2d 296, 299, (Tex.Civ.App., 1961, Beaumont, writ ref. n. r. e.).

Rule 301, Texas Rules of Civil Procedure, provides in part:

"* * * Provided, that upon motion and reasonable notice the court may render judgment non obstante veredicto if a directed verdict would have been proper, and provided further that the court may, upon like motion and notice, disregard any Special Issue Jury Finding that has no support in the evidence. * * *"

The motion nowhere therein nor the judgment show notice to appellee. Nothing appears in the record which shows that appellee waived notice. The only reference in the judgment to appellant's motion is contained in the following paragraph:

"Thereafter, on the 27th day of May, 1966, Plaintiff filed its motion for judgment upon said verdict and that the Court render judgment on its findings for an attorney fee of $1,150.00 in behalf of Plaintiff against Defendant; and the Defendant, on the same day, filed its motion that the Court disregard the finding of the jury in response to Special Issue No. 4 and render judgment for Defendant, and the Court having considered both motions is of the opinion that Defendant's motion for judgment should be and the same is refused and denied, and that the Plaintiff is entitled to the relief hereinafter granted:" Otherwise, the record is silent as to this motion.

■ We think the law announced by the Waco Court of Civil Appeals in Bellmead State Bank, Waco v. Anderson, 293 S.W.2d 834, is applicable to the facts in this case, wherein the Court stated: "* * It is true, as contended by appellee, that there is no showing in the record of notice to appellee of appellant's motion for judg-

ment non obstante veredicto. No waiver was filed by the attorney for appellee, and the judgment entered by the trial court is silent as to whether notice was given as provided by Rule 301 T.R.C.P. It is true that appellant's motion for judgment non obstante veredicto prayed that notice of this motion be given, but the only reference to such notice is contained in the judgment that appellant submitted to the court, which instrument recited in part: "that reasonable notice of such motion was given as required by law to the Defendant.' But we think such statement is insufficient, since the judgment requested by appellant was not entered. The question that here arises is: since the court did not grant appellant's motion for judgment non obstante veredicto, was the defendant prejudiced for such lack of notice on the motion? We think not. We have found no authority on this question, but we see no injury to appellee by failure of appellant to give him notice of its motion. * * . * "

In light of the last above cited authority, we have considered the matters set forth in appellant's motion which have been brought forward by its two Points of Error.

It is undisputed that this record does not disclose that the provisions of Rule 301, Texas Rules of Civil Procedure, requiring notice of appellant's motion, were complied with or waived by appellant. This rule not having been complied with, the trial court would have erred if the motion had been granted and judgment entered for appellant on said motion. Copeland v. Lampton, 125 S.W.2d 1110, (Tex.Civ.App., Texarkana, 1939, n. w. h.); Babb v. Mil-Po Clothes, 117 S.W.2d 873, (Tex.Civ.App., Eastland, 1938, n. w. h.); Kaiser v. Newsom, 108 S.W.2d 755, (Tex.Civ.App., Fort Worth, 1937, writ dism.); Hines v. Parks, 128 Tex. 289, 96 S.W.2d 970, (1936, judg. adopt.).

Judgment affirmed.