**MISCO LEASING, INC., Appellant,**

v.

**ASPHALT SERVICE CO., Inc., et al.,
Appellees.**

No. 525.

Court of Civil Appeals of Texas,
Corpus Christi.

Aug. 27, 1970.

Boone, Davis, Cox & Hale, Owen D. Cox, Corpus Christi, for appellant.

Utter & Chase, Norman L. Utter, Corpus Christi, for appellees.

## OPINION

NYE, Justice.

This was a suit brought by Misco Leasing, Inc., a foreign corporation, to recover the unpaid balance due under three equipment lease agreements. The defendants are Asphalt Service Company, Inc., and C. G. Pearce, its President who was sued individually. The defendants denied under oath the justness of the claims, and sought damages by way of a cross action against the plaintiff corporation. The case was tried before a jury which resulted in a verdict of no damages to either party. The trial court entered a take nothing judgment, whereupon the plaintiff corporation appealed. The parties will be referred to here as they were in the trial court.

The defendant corporation was engaged in the highway construction business. In the early part of 1965, defendant corporation sold a portion of its equipment to the plaintiff and leased it back at a stipulated monthly rental. Two of the three lease agreements were individually guaranteed by defendant C. G. Pearce (hereafter called Pearce). Monthly payments were made by the defendant corporation regularly through the year 1965 and until November 1966. On January 23, 1967, the plaintiff sent defendant corporation a telegram which stated: "Equipment on leases to be repossessed immediately. Wire $13,493.34 to reinstate."

It was undisputed that the equipment was not repossessed following the receipt of this telegram. The defendants contended in the trial court that the plaintiff by and through one of its lawful agents, entered into a subsequent oral agreement for the sale of the equipment on a piece meal basis for the purpose of obtaining the best possible price; and that the plaintiff subsequently breached this oral agreement, took possession and sold the remaining equipment, all to their damage. The plaintiff denied that there was any subsequent oral agreement contending in the trial court and here that they are entitled to the full amount as stated in the lease agreements, less offsets due to partial lease payments and sale of some of the equipment by defendants.

The case was submitted to a jury which found that the defendants owed nothing to the plaintiff. The jury found that plaintiff's agent and defendants did in fact enter into a subsequent agreement to dis-

pose of the equipment, and further that plaintiff's agent failed to allow defendants a reasonable length of time to dispose of the remaining equipment. The jury found that defendants were damaged by such failure, but refused to allow the defendants any specific damages. The defendants did not appeal from this portion of the verdict.

The plaintiff complains of the trial court's judgment, contending principally that there was no evidence, or alternatively insufficient evidence to support the judgment based upon the special issues submitted.

The record shows that following the receipt of the telegram in January 1967, the plaintiff sent one of their employees to Corpus Christi to inventory the equipment that was under the leases. About the same time, plaintiff contacted a private firm to auction off the equipment. However, for some reason not clear from the record, the equipment was not sold by auction. In April the plaintiff, through its agent contacted defendants and other equipment dealers and discussed the possible disposition of the equipment on an individual piece meal basis, rather than by auctioning off all of the equipment as a group. Reviewing the testimony in its most favorable light as we are required to do, we find that there was evidence that plaintiff's agent and defendants did enter into an agreement by which defendants would use their resources to sell the equipment at the highest price available. The evidence shows that defendant Pearce was selling other equipment which belonged to other lienholders during this same period of time. Pearce had in fact disposed of a considerable amount of the equipment, netting a price in excess of that which was owed on the equipment. As a part of the agreement, defendants agreed to store the equipment at their place of business, repair it and seek out and try to obtain purchasers for the equipment. A price list as to the suggested sale price of each item was given to Pearce by the plaintiff, so that if de-

fendant Pearce sold the equipment at a price above the suggested floor based price, Pearce could go ahead and consummate a sale of the equipment without the express permission of plaintiff's agent.

From April to August of 1967 the plaintiff and defendant Pearce sold equipment under this agreement, remitting the funds to plaintiff. In August 1967 the plaintiff notified Pearce that they were terminating their arrangement and that they were going to sell the remaining equipment by sealed bids. This is what the plaintiff subsequently did. Defendants contended throughout the trial, that had they been given a reasonable time to dispose of the balance of the equipment, under the agreement that they had with plaintiff, they could have sold the equipment in such a way that neither party would have had any financial loss.

The basic question argued by both parties is whether or not the plaintiff and defendants did in fact enter into a subsequent agreement for the disposition of the equipment. In deciding whether there is evidence, we must honor the well established rule which requires that we view the evidence in its most favorable light in support of the verdict. Texas & Pacific Railway Company v. McCleery, 418 S.W. 2d 494 (Tex.Sup.1967). Additional evidence showed that had the plaintiff repossessed the equipment and auctioned it off as they threatened to do, the equipment would have brought a very low price and a considerable loss would have been sustained. The records showed that defendants were having financial difficulties. Although the plaintiff had the right under its lease agreement, to dispose of the equipment in this manner upon defendants' default, the plaintiff chose to attempt to liquidate the equipment in such a way as to obtain the better price, at least until August of 1967. By plaintiff's agreement to allow the defendants to sell each item of equipment to individual buyers at the best possible price, and by agreeing with the defendants that they were to repair and restore the equipment in the meantime,

adequate consideration flowed between the parties for this subsequent agreement. The evidence both direct and circumstantial supports a meeting of the minds between the parties to such an agreement. Plaintiff's subsequent conduct in and of itself, supports defendants' contentions in this respect. Although no definite time limit had been set upon which the defendant Pearce could sell the equipment piece by piece, the law permits a reasonable time in such cases. Houston County v. Leo L. Landauer & Associates, Inc., 424 S.W.2d 458 (Tex. Civ.App.—Tyler 1968, n.r.e.). The jury found as a matter of fact that the plaintiff corporation did not allow the defendants a reasonable time to dispose of this equipment under and by virtue of their oral agreement. We hold that there was ample evidence to support the submitted jury issues.

■ Plaintiff contends that the trial court erred in admitting into evidence the appraisal that had been made of the equipment prior to entering into the lease agreements. This appraisal showed the apparent value of the equipment prior to its sale to plaintiff and its lease back to the defendants. The purpose of such exhibit was cumulative. It showed the purported values which were set upon the equipment at the time the parties entered into the original lease agreement. Other value evidence not objected to here showed that one equipment company refused to place any value on the equipment at a later time. Another equipment company offered a very low price for the equipment as compared to the appraised value. We hold that the evidence was relevant as rebuttal to plaintiff's evidence as to the values they placed on the equipment, and was relevant at the time it was admitted into evidence, insofar as defendants' cross-action was concerned. The plaintiff has failed to demonstrate to us why the introduction of this evidence caused or probably caused the rendition of an improper judgment. Rule 434, Texas Rules of Civil Procedure. This point is overruled.

■ Plaintiff complains further that the trial court erred in refusing to permit the introduction into evidence of a typewritten agreement submitted by plaintiff's agent to defendants in the early part of 1967. It was undisputed that this proposed agreement was the one in which the plaintiff attempted to get defendants and an equipment dealer to sign. It was a three-way written agreement for disposal of the equipment after the defendants defaulted on the lease agreement. The written agreement was never executed by any party nor did it form any part of any subsequent agreement entered into by the parties to the suit. The subsequent oral agreement came after the written proposal. We fail to find harmful error in the trial court's refusal to introduce this exhibit. Rule 434, T.R.C.P.

We have considered all of plaintiff's points of error and do not find reversible error. Judgment of the trial court is affirmed.

SHARPE, Justice (concurring).

I concur in the result.