WADE CONTRACTORS, INC., Appellant,

v.

C. W. & A., INC., Appellee.

No. 1395.

Court of Civil Appeals of Texas,
Corpus Christi.

Oct. 11, 1979.

Rehearing Denied Nov. 15, 1979.

Larkin T. Thedford, Edna, for appellant.

Emmett Cole, Jr., Victoria, for appellee.

## OPINION

YOUNG, Justice.

This is an appeal from a suit brought by a general contractor alleging breach of contract by a subcontractor who failed to supply gravel for the construction of a highway for the State of Texas. Wade Contractors, Inc., filed suit against C. W. & A., Inc., for breach of contract and asked for actual and exemplary damages. Defendant responded with a general denial and a cross-action. Trial was to the court without a jury. Af-

ter the plaintiff had presented witnesses, both parties closed. Thereafter, the trial court rendered a take nothing judgment in favor of the defendant. No findings of fact or conclusions of law were requested or filed. The plaintiff appeals. We affirm.

The record fairly indicates the following events. In May of 1976 the State Department of Highways & Public Transportation solicited bids for the construction of a new road to replace an existing county road in Lavaca County (FM 3283). Appellee learned of the project and the letting of bids by the State and on July 2, 1976, offered appellant, who was preparing to submit a bid on the project, a quotation by telephone for the cost of supplying the base material delivered to the construction site. The quotation set out that the price of the materials would be $4.45 per cubic yard, that the amount of materials would be approximately 10,000 cubic yards, and that the materials were to meet State specifications. Appellant prepared a written confirmation of this quotation on July 2, 1976, setting out the same price, specification data, place of delivery, and project reference number. This was signed by appellee.

Thereafter, the appellant was awarded the contract by the State and appellant sent a written acceptance, dated August 3, 1976, of the offer to the appellee which embodied all the terms of the previous quotation and confirmation. Additionally, appellant stated that construction on the foundation would be during the month of October and that appellee should be prepared to deliver during that month. But no demand for delivery was made during the month of October.

On or about November 16, 1976, the parties again entered into oral negotiations for delivery of base materials for the same project. On November 17, 1976, appellee advised appellant in a hand written note of a change in price for the materials, from $4.45 per cubic yard to $5.05 per cubic yard, and a change in origin of the materials, from the Fordtram area to the Cuero area. Quantity, project reference number and delivery site remained the same, but there was no mention of delivery date. Testimony in the record, however, points to the fact that appellant demanded delivery on November 18, 1976; that appellee was ready to deliver; but that appellant cancelled the demand.

There was no communication between the parties until February 15, 1977, when the appellant gave oral notice to the appellee that delivery on the contract should begin on or about February 21. On February 20, appellant cancelled delivery for the 21st but ordered performance on the contract by delivery on February 24. Appellee gave notice on February 23 that delivery on that date, the 24th, was impossible due to a shortage of trucks. Whereupon the appellant began arranging for the supply of gravel and the hauling thereof from sources other than the appellee. Thus, appellee was thereby precluded from further possibility of performance.

Appellant brings forward two points of error. The first point asserts that the trial court erred in rendering judgment for the appellee based on the evidence submitted by appellant. From its argument the appellant seems to contend that it is entitled to judgment as a matter of law.

■ In that regard we deem the appropriate rule for us to apply here is as follows. In a nonjury case, where findings of fact and conclusions of law are neither requested nor filed, the judgment of the trial court must be affirmed if it can be upheld on any legal theory that finds support in the evidence. *Lassiter v. Bliss*, 559 S.W.2d 353 (Tex.Sup.1977); *Plata v. Guzman*, 571 S.W.2d 408 (Tex.Civ.App.—Corpus Christi 1978, writ ref'd n.r.e.).

■ All of which brings us to an examination of the evidence in the record. In presenting its evidence to establish the elements of its contract, the appellant's chief problem was with the element of time of performance. In fact, after the date of November 18, 1976, there is no definite time indicated for appellee to perform until February 24, 1977, when the alleged breach occurred. So, after appellant cancelled the

November 18 scheduled delivery by the appellee, no definite time of performance existed. In this instance the law implies an agreement that performance will be within a reasonable time. *Joines v. Burke*, 540 S.W.2d 798 (Tex.Civ.App.—Corpus Christi 1976, no writ); *Houston County v. Leo L. Landauer & Associates, Inc.*, 424 S.W.2d 458 (Tex.Civ.App.—Tyler 1968, writ ref'd n.r.e.). Further, the reasonable time allowed by law for performance of a contract which does not fix a time for performance depends on circumstances in each case, including the nature and character of the thing to be done and the difficulty surrounding and attending its accomplishment. The question is generally for the trier of facts. *Houston County v. Leo L. Landauer & Associates, Inc.*, supra.

 Here the trial judge, as the trier of facts, was entitled to infer, under the circumstances of this case, that a period of over three months (November 18 to February 24) was an unreasonably long time for the appellee to stand ready to deliver on demand of the appellant. Or, considering the brief time between the date of demand for delivery and the date for delivery on February 24, the trial court could have reasonably inferred that the time appellant allowed for performance by the appellee was unreasonably brief. Finally, the trial court could have found that the appellant just did not meet its burden of proof on the issue of time for performance. Under any of those theories, the judgment of the trial court must be affirmed. Appellant's point 1 is overruled.

 The second point of the appellant contends that the trial court erred in granting judgment for the appellee at the conclusion of appellant's case in that appellant had introduced a prima facie case entitling appellant to judgment. Appellant's chief argument, as we understand it, under this point is that the trial court rendered judgment without evidence introduced by the appellee and, thus, a complete trial on the merits was not accorded the appellant. The trial terminated on April 26, 1978, according to the statement of facts, with the following:

"Mr. Cole: That's all I have, your Honor.

Mr. Thedford: No further questions.

The Court: You may step down, Mr. Wade.

Mr. Thedford: We close, your Honor.

Mr. Cole: Your Honor, I'd like to have about fifteen minutes to confer with my client.

The Court: Okay, we'll stand in recess for about fifteen minutes.

(Recess)

Mr. Cole: We close, your Honor."

Thereafter, the judgment was signed and ordered entered on May 10, 1978. It is clear to us that no party was precluded from presenting any evidence. Nor has it been demonstrated to us that the trial judge failed to consider all the evidence presented and all the issues raised. Appellant's point 2 is overruled.

The judgment of the trial court is affirmed.