Jose Luis **VALENCIA** and Carolina Valencia, Appellants,

v.

Andriana Elisa **GARZA** and Juan Garza, Appellees.

No. 04–88–00218–CV.

Court of Appeals of Texas, San Antonio.

Feb. 22, 1989.

Edel P. Ruiseco, Del Ruiseco, P.C., Harlingen, for appellants.

Rodolfo R. Munoz, San Antonio, for appellees.

Before BUTTS, REEVES and CARR, JJ.

## OPINION

BUTTS, Justice.

The controversy in this case arose from a contract for sale of a house located in San Antonio. Appellee Andriana Elisa Garza purchased property and received a warranty deed from Ponciano Sauceda, Jr., and his wife. She employed Sauceda to build a house on her property. Appellants Jose Luis and Carolina Valencia (Valencia) moved into the house in June 1985. They paid Garza the sum of $5000 in July 1985. On August 6, 1985, the parties met in a lawyer's office to execute the contract for sale of the house. The price was $30,000 including the down payment of $5000. They discussed the terms; however, only Garza signed the contract of sale. The contract provided in part:

Third. When the entire purchase price, both principal and interest, as well as all other indebtedness owed hereunder, has been paid by Buyer(s) in accordance with the terms and provisions of this contract,

Seller will convey said property to Buyer(s) by warranty deed, on current form of the State Bar of Texas, conveying good and indefeasible title, with covenant of general warranty ...

This was an executory contract. The contract also provided for cancellation of the contract due to default by the buyers. In that event, the buyers would become tenants at will and the seller could institute forcible entry and detainer proceedings. In all respects this was a contract for sale and for conveyance of the title after the principal and interest had been paid in full and other contractual conditions met.

Valencia refused to sign the contract on August 6, 1985. At trial the explanation for the refusal was that they did not read and write English and wanted the terms explained. There was other testimony, however, that they wanted to obtain a deed and deed of trust at that time instead of a contract for sale. The contract remained unsigned.

Valencia continued to live in the house. Both Garza and Valencia agree the contractor failed to correct construction problems in the house or to make necessary repairs. On January 21, 1986, Garza retained a lawyer to make demand on the builder and to file suit. Garza filed a Deceptive Trade Practices Act suit against the contractor in March 1986. The contract for sale still did not contain Valencias' signatures.

On February 12, 1986, Valencia signed a copy of the contract after consulting with a lawyer. On February 14, Valencia signed the original. Garza's father was present. Garza did not sign it again. Valencia then intervened in the suit against the builder, also suing Garza. Thereafter, Valencia moved for severance of the present suit against Garza, which was granted. Shortly after that Valencia nonsuited the builder.

Valencia discontinued paying any monthly sum to Garza in July 1986. We point out that on appeal this court does not have before it for determination and does not decide those other matters included in the record, such as a forcible entry and detainer suit, motion for sanctions in the county court at law, the writ of attachment and habeas corpus involving Garza, motion for protective orders, nor any purported action originating in Hays County. Our subject is only the judgment on appeal.

Valencia sued Garza for rescission of the contract and damages for fraud and misrepresentation and, in the alternative, for specific performance and damages. The trial court found for Garza. Valencia brings twelve points of error.

The trial court entered findings of fact and conclusions of law. The findings are that Valencia refused Garza's offer to sell pursuant to a contract for sale/deed; that Garza retained counsel to prosecute suit against the builder on January 21, 1986; that Valencia intervened in Garza's suit and subsequently asserted "several causes of action" against Garza; that the trial court heard the severed cause (which is the present case). The trial court then concluded that Valencia rejected the offer and that Garza has sole and exclusive title to the property. The court also placed in this portion (conclusions of law) the finding that Valencia recover the sum of $4,800 from the initial "down payment." The court allowed Valencia an equitable lien on the property to insure payment. (Valencia was ordered to vacate the property in the judgment.)

■ The first two points of error challenge the legal and factual sufficiency of the evidence to support the finding of refusal to accept the offer. We will view the evidence as required by the appropriate standards on appeal.

The trial judge as the trier of fact may take into consideration all the facts and surrounding circumstances in connection with the testimony of each of the witnesses tendered, and to arrive at his conclusion as to the facts controlling this case. He may accept or reject all or any part of the testimony of the witness tendered. *Electro–Hydraulics Corp. v. Special Equipment Engineers, Inc.*, 411 S.W.2d 382, 386–87 (Tex.Civ.App.—Waco 1967, writ ref'd n.r.e.).

Although there may have been conflicting evidence regarding what transpired in the lawyer's presence during the visit to his office and what each believed was the reason Valencia refused to sign the contract for sale on August 6, 1985, the evidence shows clearly that Valencia did refuse to sign on that date.

It is axiomatic that a contract for sale of land is executory where the deed of conveyance has not been delivered and accepted. *Podolnick v. Hamilton,* 349 S.W.2d 715, 716 (Tex.1961). Thus, the legal title remains in the seller until the purchase money is paid.

The trial court was required to determine whether Valencia refused Garza's offer of a contract for sale (a contract to convey upon payment of the purchase price). Did Valencia's signature in February, six months after the offer on August 6, 1985, effect a binding contract?

It is the established law in this state that where a case has been tried without a jury and there is ample evidence in the record to support the findings of the trial court, such findings have the same force and effect as a verdict of the jury on the facts found, and a reviewing court must affirm the trial court's judgment in the absence of other substantial error. *Hilton v. Haden Associates, Inc.,* 458 S.W.2d 854, 858–59 (Tex.Civ. App.—Fort Worth 1970, no writ) (citations omitted). Under a "no evidence" challenge to the finding (legal insufficiency), the appellate court considers only the evidence tending to support the finding and disregards all evidence to the contrary. *Ray v. Farmers' State Bank of Hart,* 576 S.W. 2d 607, 609 (Tex.1979). Where there is at least some evidence of probative force to support the finding, it is binding on the appellate court. *Id.* at 610.

When a factual insufficiency challenge is made, this Court must consider all the evidence. *See In re King's Estate,* 150 Tex. 662, 244 S.W.2d 660 (1951). Even though the finding may appear to be against the preponderance of the evidence, it will be upheld unless it is so against the overwhelming weight of the evidence as to be clearly and manifestly wrong. *Houston*

*National Gas Corp. v. Pearce,* 311 S.W.2d 899, 903 (Tex.Civ.App.—Houston 1958, writ ref'd n.r.e.). Thus, unless there is no evidence to support the finding or unless the finding is so contrary to the great weight and preponderance of the evidence as to be clearly wrong, the appellate court may not set it aside. *Corporate Personnel Consultants v. Wynn Oil Company,* 543 S.W.2d 746, 748 (Tex.Civ.App.—Texarkana 1976, no writ).

The trial court considered evidence presented by Garza, who denied that she ever entered into a contract for sale with the Valencias because Valencia refused to agree to the terms of the contract, thereby refusing to agree to the sale under the contract she offered. An attorney consulted by Valencia testified that they wanted a deed and deed of trust. He telephoned Garza's lawyer to discuss drawing up those instruments for the parties. Garza was notified by letter that Valencia wanted a deed. This constituted a counteroffer by Valencia and non-acceptance of the contract for sale. Garza testified that she therefore considered the Valencias to be renters (tenants at will).

An offeree's power of acceptance terminates when the offeree receives from the offeror a manifestation of intention not to enter into a contract. RESTATEMENT (SECOND) OF CONTRACTS § 42 (1981). The offeree may acquire indirect reliable information inconsistent with an offer. Thus, the power of acceptance is terminated. *Id.* Even if the offer had remained viable, the acts of the owner (offeror) demonstrated her intention not to enter into a contract.

In this case Garza as title owner of the subject property retained legal counsel to move against the contractor on January 21, 1986. Notice, as required, was sent to the contractor. Thereafter Valencia consulted a lawyer and signed a copy of the sales contract. Valencia on February 14, 1986, signed the original contract. Garza did nothing at that time. While there was evidence that her father knew of the Valencia action, there is no evidence that Garza directed him in any regard. We hold that

the "old" August 6, 1985, signature of Garza was not evidence, in and of itself, that the offer remained viable on February 15, 1986, and that the presence of her father at the time is not the required strict proof of agency.

It is basic contract law that there must be a common intention of the parties, with the offer by one and acceptance by the other of stated terms to effect a contract. We agree with the trial court's implied finding that these requisites did not occur at that time.

■ There is another basis for the judgment in this case. An offeree's power of acceptance is terminated at the time specified in the offer, or if no time is specified, it is terminated at the end of a reasonable time. RESTATEMENT (SECOND) OF CONTRACTS § 41 (1981). What is reasonable time is a fact question, depending on all the circumstances existing when the offer and attempted acceptance are made. Some factors to be considered are: the nature of the proposed contract; the purposes of the parties; and the course of dealing between them. *Id.* Comment b.

The test for a reasonable time to accept the offer of a contract for sale may be compared to the test for reasonable time for performance under a contract. Where the contract does not fix a time for performance, the law allows reasonable time for its performance. *Texas Farm Bureau Cotton Ass'n. v. Stovall*, 113 Tex. 273, 253 S.W. 1101, 1105 (1923); *Houston County v. Leo L. Landauer & Associates, Inc.*, 424 S.W.2d 458, 463 (Tex.Civ.App.—Tyler 1968, writ ref'd n.r.e.). A reasonable time has been defined to be such time as is necessary, conveniently, to do what the contract requires to be done, and as soon as circumstances will permit. Reasonable time depends on the circumstances in each case, including the nature and character of the thing to be done and the difficulties surrounding and attending its accomplishment and is generally for the jury [factfinder]. *Id.* (citations omitted).

If it were determined the offer in the present case remained a viable one even after the refusal of the offer by Valencia,

the fact question for the trial court was: what was a reasonable time for Valencia to accept the offer (the terms of a contract for sale)? Under the circumstances of this case, where the Valencias remained in the house and were being advised by legal counsel, the trial court could have determined that a reasonable time for acceptance had expired long before six months passed. The court could also have determined the offer had terminated. Further, the court could have determined the power of acceptance by Valencia had terminated.

After viewing the evidence in the light favorable to the finding, we find there was some probative evidence to support the finding that Valencia refused the offer, and the legal conclusion that Valencia rejected the offer is correct. The evidence, we find, would also support a conclusion that the power of acceptance was terminated before February 14, 1986. We further hold, after examining all the evidence, that the finding is not so clearly against the great weight and preponderance of the evidence as to be manifestly wrong. The first two points are overruled.

■ The third point of error is that Valencia's motion for summary judgment should not have been denied. An order denying a motion for summary judgment is not a final judgment and therefore not appealable. *See Novak v. Stevens*, 596 S.W.2d 848, 849 (Tex.1980). When a trial judge denies a motion for summary judgment, the cause is held for trial on the merits. The denial is not a proper subject for appeal. The point is overruled.

■ In points of error four and five Valencia challenges the legal and factual sufficiency of the evidence to support the finding of fact or conclusion of law that there was no contract. There is no specific finding of fact that there was no contract. Nor was there a conclusion of law as to that. As previously noted, the trial court did find that Garza's offer was refused, and the evidence supports this finding. It was concluded that the offer was rejected [thus, no contract came into existence]. The principal usefulness of conclusions of law is to denote to the appellate court the

898

theory on which the action was tried. If the controlling finding of facts will support a correct legal theory, incorrect legal conclusions will not require a reversal. *Benavides v. Warren*, 674 S.W.2d 353, 362 (Tex. App.—San Antonio 1984, writ ref'd n.r.e.) (citations omitted). However, in the present case we believe the trial court correctly concluded that Valencia rejected the offer. The two points are overruled. Moreover, even if the conclusions of law were incorrect, the judgment would be upheld based on the findings of fact.

■ Valencia argues in point of error six that the trial court erred in not finding that Garza's father was her agent and had affirmed the original offer, or had made a new offer, by advising Valencia to sign the contract on February 14, 1989. It is settled law that there must be proof of the agency relationship as well as the acts performed in the capacity of agent. This was pointedly denied by Garza. The burden was on Valencia to prove the agency relationship. *See Abbott v. Earl Hayes Chevrolet Company*, 384 S.W.2d 782, 784 (Tex.Civ.App.—Tyler 1964, no writ). The evidence presented in this case does not reflect proof of an agency relationship as required. The point is overruled.

■ Point of error seven is that the trial court erred in not finding there was an oral contract to purchase because the evidence showed that the buyer met the requirements of the exception to the statute of frauds. Both parties agree this issue was not raised at the time of trial. It was, therefore, waived. *See Greater Fort Worth and Tarrant County Community Action Agency v. Mims*, 627 S.W.2d 149, 150–51 (Tex.1982).

To constitute a contract, an offer to sell must be accepted by the offeree. The acceptance must be identical with the offer. *See* 63 Tex.Jur.3d, *Real Estate Sales*, § 33 (1988). Valencia asserts in point of error eight that the trial court should have found there was anticipatory repudiation of the contract when Garza filed an eviction suit against Valencia.

Without repeating the facts already set out, we note that a valid contract must first be established in order to prove repudia-

tion. Here the proof of acceptance by Valencia was found to be insufficient. The evidence supports the finding. Therefore, because the proposed contract was not accepted by the offeree, as found by the trial court, there was no contract in writing between the parties. *Compare Imholz v. Southern Oil Corporation of America*, 134 S.W.2d 301 (Tex.Civ.App.—Eastland 1939, no writ). Absent a valid written contract in the present case, there can be no repudiation of the "contract." The point is overruled.

Points of error nine and ten are that the trial court erred in awarding sole and exclusive title to the property to Garza. First it is argued that the pleadings do not support the award, and second, that there is no legally or factually sufficient evidence to support the award. We point out that even had the court determined there existed a valid contract for sale, legal title would necessarily be in Garza as the title owner with authority to offer a contract for sale.

An examination of the evidence shows that no one questioned Garza's ownership of the subject property. Proof showed that she purchased the property from Sauceda. Although no warranty deed was introduced into evidence, it was marked for identification and discussed before the trial court. There was no objection regarding best evidence or otherwise. Therefore, that objection (best evidence) urged on appeal was waived.

Since the trial court impliedly found that no contract came into existence, and this court agrees, there can be no claim of title by Valencia. Indeed, the burden of proof was upon Valencia to prove a valid contract. The trial court correctly concluded that sole and exclusive title was in Garza. Moreover, the challenge to the pleadings arises for the first time on appeal and comes too late. TEX.R.CIV.P. 90 and 67. The points are overruled.

■ In the last two points of error Valencia maintains that the earlier suit for forcible entry and detainer in which the court found that Valencia did not receive proper notice and, therefore, left possession in Valencia, is determinative of, and *res judicata* on, the issue of possession.

The forcible entry and detainer action is not exclusive, but cumulative, of any other remedy that a party may have in the courts of this state. *Scott v. Hewitt,* 127 Tex. 31, 90 S.W.2d 816 (1936). If all matters between the parties cannot be adjudicated in the justice court . . . due to the justice court's limited jurisdiction, then either party may maintain an action in a court of competent jurisdiction for proper relief. *Holcombe v. Lorino,* 124 Tex. 446, 79 S.W.2d 307, 309 (1935). *McGlothlin v. Kliebert,* 672 S.W.2d 231, 233 (Tex.1984).

A judgment of possession in a forcible detainer action is a determination *only of the right to immediate possession of the premises,* and does not determine the ultimate rights of the parties to any other issue in controversy relating to the realty in question. *Martinez v. Beasley,* 572 S.W. 2d 83, 85 (Tex.Civ.App.—Corpus Christi 1978, no writ). In the present case the issue of title was paramount. As the result of the findings by the trial court, as reflected in the judgment, Valencia has no claim of title based on a contract for sale.

We hold that the forcible detainer action is not *res judicata* on the issue of possession in this case. That judgment determined only the question of immediate possession at that time and did not determine the ultimate rights of the parties to any other issue in controversy relating to the subject realty. *See Buttery v. Bush,* 575 S.W.2d 144, 146 (Tex.Civ.App.—Tyler 1978, writ ref'd n.r.e.), citing *Martinez v. Beasley, supra.* Points eleven and twelve are overruled.

We have examined the record in regard to Garza's cross-points and find the trial court did not abuse its discretion in failing to impose sanctions or award attorney fees. The denial of Garza's motion for summary judgment is not a proper subject for appeal purposes. The cross-points are overruled.

The judgment is affirmed.