No. 04-00-00633-CV



David PEÑA,


Appellant



v.



Nancy GARZA,


Appellee



From the 131st District Court of Bexar County, Texas


Trial Court No. 2000-CI-08405


Honorable Andy Mireles, Judge Presiding



Opinion by: Catherine Stone, Justice


Sitting: Tom Rickhoff, Justice

 Catherine Stone, Justice

 Sarah B. Duncan, Justice (concurring in the judgment only)


Delivered and Filed: August 8, 2001


AFFIRMED


 This is an appeal of a protective order. We are asked to decide whether the trial court erred
in refusing to file findings of fact and conclusions of law, and whether the evidence was legally and
factually sufficient to sustain the order. We affirm.

 Background


 Nancy Garza and David Pena began dating in January 1999 and lived together from May 1999
until March 2000. In December 1999, after drinking at an office party, David got into a fight with
Nancy and struck her with a telephone. Nancy called the police, but did not file charges. The couple
spent Christmas day at David's sister's home. They got into a fight outside the house; David hit
Nancy with a shoe that slipped off her foot. David's uncle intervened and stopped the abuse. In
March 2000, another fight occurred during which David broke some furniture and damaged property
belonging to their roommate. David moved out of the apartment two days later. In June 2000, at
a labor union rally attended by both David and Nancy, David approached Nancy in what she
perceived to be a threatening manner. She filed for a protective order the following day.

Jurisdiction


 As a threshold issue, the State argues this court should dismiss the appeal for want of
jurisdiction. It contends changes to the Family Code make protective orders interlocutory, thus
reviewable only by mandamus. Before the Family Code was amended, the duration of a protective
order was specified in the order and could not exceed one year; although it could be modified, it
could not be extended. See Act of May 5, 1997, 75th Leg., R.S., ch. 34, 1997 Tex. Gen. Laws 85
(amended 1999) (current version at Tex. Fam. Code Ann. § 85.025 (Vernon 2000)). Now, the
duration of a protective order is for the period stated in the order, not to exceed two years; or, if the
duration is not stated in the order, until the second anniversary of the date the order issued. Tex.
Fam. Code Ann. § 85.025(a)(1) & (2) (Vernon 2000). A person who is the subject of a protective
order may file a motion, not earlier than the first anniversary of the date on which the order issued,
requesting a review of the order to determine whether there is a continuing need for it. Tex. Fam.
Code Ann. § 85.025(b) (Vernon 2000). If a person who is the subject of a protective order is in
prison on the date the order would have expired, the order is extended until the first anniversary of
the date the person is released. Tex. Fam. Code Ann. § 85.025(c) (Vernon 2000).

 There is nothing in the nature of these amendments, however, that alters the fundamental
analysis this court applied in James v. Hubbard, 985 S.W.2d 516, 517-18 (Tex. App.--San Antonio
1998, no pet.). In that case, we noted that an injunction is permanent, rather than temporary, if the
duration of the injunctive relief granted does not depend on any further order of the court, and applied
this definition to the protective order at issue. Here, the trial court issued a protective order that, in
addition to the standard prohibitions, prohibited David from "being in the presence of applicant for
any reason" and prohibited Nancy from "contacting respondent for any reason, by phone or in
person." That the duration of protective orders may vary under the amended statute is immaterial.
The duration of each is either set out in the order or fixed by statute. Here, the duration of the order
was set at two years. Although David may move for a review of the order after one year, the relief
granted to both parties does not depend upon any further order of the court; accordingly, it is a
permanent injunction that may be appealed.

Findings of Fact and Conclusions of Law


 In points of error one and two, appellant contends the trial court erred by not responding to
his timely motions for written findings of fact and conclusions of law, and that he was harmed by the
omission. The State argues there is an inherent conflict between Texas Rule of Civil Procedure 299a
and Family Code section 85.001. Rule 299a states that findings of fact should not be recited in a
judgment but should be filed as a separate document. Tex. R. Civ. P. 299a. In contrast, section
85.001 directs the court to find whether family violence has occurred and is likely to occur in the
future, and to include these findings in the protective order. Tex. Fam. Code Ann. §§ 85.001(a) &
(c) (Vernon Supp. 2001). The rules of procedure are general rules; statutes are specific. Thus, when
the two conflict, the statute trumps the rule. Wren v. Texas Employment Comm'n, 915 S.W.2d 506,
509 (Tex. App.--Houston [14th Dist.] 1995, no writ). In its protective order, the trial court found
that Pena committed family violence, that such violence was likely to occur in the future, and that a
protective order was in the best interest of the household. The recitation of these findings complied
with section 85.001, thus the trial court did not err in refusing to file additional findings of fact and
conclusions of law.

 We overrule points of error one and two.

Sufficiency of the Evidence


 In points of error three and four, appellant challenges the legal and factual sufficiency of the
evidence. We apply the usual standards of review, and examine the evidence to see if there is any
evidence to support the findings, or if the evidence is so weak as to be clearly wrong and manifestly
unjust. Cain v. Bain, 709 S.W.2d 175, 176 (Tex. 1986). In a bench trial, we review the findings for
legal and factual sufficiency of the evidence by the same standards used in reviewing the evidence
supporting a jury's verdict. Tucker v. Tucker, 908 S.W.2d 530, 532 (Tex. App.--San Antonio 1995,
writ denied).

 Although there was contradictory testimony at trial, the trial court evidently believed Nancy
and her sister's testimony that David had struck Nancy on more than one occasion, and did not
believe the testimony of David's friends and family members that they had seen no evidence of abuse.
The trial court is free to reject or accept all or part of a witness's testimony. Valencia v. Garza, 765
S.W.2d 893, 895 (Tex. App.--San Antonio 1989, no writ). Accordingly, we hold the evidence was
legally and factually sufficient to sustain the protective order. 



 We affirm the trial court's judgment.


 Catherine Stone, Justice

Publish