COURT OF APPEALS
EIGHTH DISTRICT OF TEXAS
EL PASO, TEXAS





SOCORRO PUENTES, JUAN A.
PUENTES, AND ALL OTHER
OCCUPANTS OF 576 MOGOLLON
CIRCLE EL PASO, TEXAS 79912,

                            Appellants,

v.


FANNIE MAE, A/K/A FEDERAL
NATIONAL MORTGAGE
ASSOCIATION,

                            Appellee.

§
 
§
 
§
 
§
 
§
 
 §

 §

  § 


No. 08-10-00137-CV

Appeal from the

 County Court At Law No. 5 
of El Paso County, Texas 

(TC# 2009-J00056-CC5) 





O P I N I O N

            In this forcible detainer suit, the county court awarded possession of Juan and Socorro
Puentes’ residence to Federal National Mortgage Association (“Fannie Mae”). Mr. and Mrs.
Puentes raise three issues on appeal to this Court. In Issues One and Two, they challenge the
county court’s judgment on jurisdictional and res judicata grounds. In Issue Three, they also
contend the court abused its discretion by admitting a business records affidavit containing
inadmissible hearsay evidence.
            Juan and Socorro Puentes executed a deed of trust to finance the purchase of their home
at 576 Mogollon Circle in El Paso (“the property”) on June 20, 2007. They stopped making
payments on their mortgage in January 2009, and the loan went into foreclosure. On February 3,
2009, the Mortgagee, First Franklin Financial Corporation, through its mortgage servicer, Home
Loan Services, Inc., executed a substitute trustee’s deed conveying the property via a non-judicial
foreclosure sale to Fannie Mae.


 On April 1, 2009, Fannie Mae sent three separate written
notices to vacate the property, addressed to “Occupant,” “Juan A. Puentes,” and “Socorro
Puentes.” The address on the face of each notice was the property at 576 Mogollon Circle in El
Paso, and indicates it was sent via certified mail, return receipt requested, and a copy by regular
post. According to the United States Postal Service “Track & Confirm” information, the notices
were “delivered on April 28, 2009 in ADDISON, TX 75001.”
            The Puentes family continued to inhabit the property, and on April 17, 2009, Fannie Mae
filed a petition for forcible detainer action to evict Mr. and Mrs. Puentes, take immediate
possession of the property in the Justice of the Peace Court, Precinct Number One, of El Paso
County (“the First JP Suit”).


 The justice court rendered a Final Judgment in the case on
June 11, 2009. The judgment states in relevant part:
The Court hereby:
. . .
 
[F]inds that [Mr. and Mrs. Puentes] did answer or make appearance in some
manner, after which a trial was held and evidence and argument was considered;

. . .
 
[D]enies [Fannie Mae’s] claim for possession of [the property] referred to above.

            The judgment also awarded the Puentes’ $227 for court costs, and purported to order the
issuance of a writ of possession on June 17, 2009. No further action was taken in the First JP
Suit.
            On July 2, 2009, with Mr. and Mrs. Puentes still in possession of the property, Fannie
Mae filed a second forcible detainer action (“the Second JP Suit”).


 This Second JP Suit was
filed in the same justice court, and sought the same relief as that requested in the first suit. 
Citation was issued to “Socorro Puentes & Juan Puentes And All Other Occupants” on July 2,
2009, and again on July 7, 2009. The justice court rendered a Final Judgment in the Second JP
Suit (cause number F109-0211) on July 16, 2009, awarding possession of the property to Fannie
Mae.


 The judgment included an order for the issuance of a writ of possession on July 22, 2009.
            Mr. and Mrs. Puentes appealed the justice court’s ruling to El Paso County Court at Law
Number Five. See Tex.R.Civ.P. 749. In the County Court they amended their pleadings to
include a res judicata defense, arguing that the Second JP Suit was barred by the judgment in the
First JP Suit. After conducting additional discovery, Mr. and Mrs. Puentes filed a motion for
summary judgment on their defense, and attached evidence of the First JP Suit and judgment.
            The trial court heard the case on April 29, 2010. After summarily denying the Puentes’
motion for summary judgment, the court proceeded to hear evidence and argument on Fannie
Mae’s petition for forcible detainer. The first witness to testify was Mr. Antonio Martinez, the
attorney who represented Fannie Mae in the First JP Suit. Mr. Martinez testified that the primary
issue addressed during the hearing in the First JP Suit was whether or not Mr. and Mrs. Puentes
were properly notified of Fannie Mae’s intent to take possession of the property. The Puenteses
denied having received such notice, and Fannie Mae was not able to produce admissible evidence
that such notice had been provided. Mr. Martinez agreed that Fannie Mae was unsuccessful in
the First JP Suit.
            Juan Puentes was the next witness called to the stand. Mr. Puentes testified that he and
his wife had resided at 576 Mogollon Circle since July 2007. He stated that he was not aware
that the property had been foreclosed on over a year-and-a-half earlier, although he admitted that
December 2008 was the last time a mortgage payment was made on the property. Mr. Puentes
also denied ever receiving any notice to vacate from Fannie Mae.
            During Mr. Puentes’ testimony, their attorney moved for directed verdict on the basis that
there was no evidence that the Puentes family was ever provided notice of the foreclosure, the
forcible detainer action, or notice to vacate the property. In response, counsel for Fannie Mae
offered a business records affidavit stating that notice to vacate was sent to the 576 Mogollon
Circle address by certified and regular mail prior to the Second JP Suit. This was the second
business records affidavit offered by Fannie Mae during the hearing. Although it was originally
filed with the trial court on January 19, 2010, it was offered during trial specifically in rebuttal to
the Puentes’ argument that they had never received notice to vacate the property.
            The Puentes’ attorney then noted that according to the US Postal Service “Track &
Confirm” information attached to the affidavit, the notices were delivered to Addison, Texas, not
an address in El Paso. Counsel for Fannie Mae pointed out that the affidavit also stated that the
notices were, in fact, mailed to the El Paso address, and explained that the documents were
forwarded to Addison, Texas when they were not picked up by Mr. and Mrs. Puentes. The
Puentes’ attorney immediately objected to the affidavit on the basis that the “testimony”
regarding the mailing of the notices was outside the bounds of a business records affidavit and
was inadmissible hearsay.


 Counsel also re-urged his motion for directed verdict on the grounds
that there was no evidence the notices to vacate were mailed to the property, and concluded
Fannie Mae’s petition should be denied for failure to comply with the pre-suit notice
requirements for a forcible detainer action. The trial court denied the motion for directed verdict
and admitted the affidavit in its entirety as “Plaintiff’s Exhibit 4.”
            The hearing continued with Mrs. Puentes’ testimony. She also denied ever receiving any
notice to vacate the property, and further denied ever receiving any notice from Fannie Mae or its
attorneys. On cross-examination, Mrs. Puentes testified that she checked her mail on a regular
basis, and that she was not away from her home during the first week in April 2009.
            In open court following Mrs. Puentes’ testimony, the trial court held that Fannie Mae
mailed the required notices and granted the entity possession of the property. The court also
ordered that a writ of possession would issue six days following the rendition of judgment in the
case. The written judgment was signed on March 29, 2010.
            On appeal to this Court, Mr. and Mrs. Puentes raise three issues. In Issue One, they
contend the doctrine of res judicata defeats the Second JP Suit, and therefore the County Court at
Law’s judgment. In Issue Two, they assert that Fannie Mae’s sole remedy for the judgment in
the First JP Suit was an appeal to the County Court, and that the entity’s failure to exercise that
right is fatal to the subsequent judgments. In Issue Three, Mr. and Mrs. Puentes argue the trial
court abused its discretion by admitting Fannie Mae’s second business records affidavit in its
entirety, because the affidavit contained inadmissible hearsay evidence.
            Due to its potential effect on Issues One and Two, we will address Issue Three first. We
review rulings regarding the admissibility of evidence under an abuse of discretion standard. See
City of Brownsville v. Alvarado, 897 S.W.2d 750, 753 (Tex. 1995). In an abuse of discretion
review, the appellate court will consider whether the trial court acted arbitrarily, unreasonably, or
without regard for guiding rules and principles of law. Downer v. Aquamarine Operators, Inc.,
701 S.W.2d 238, 241-42 (Tex. 1985). To warrant reversal based on an evidentiary error, the
complainant must also demonstrate, in light of the entire record in the case, that the error
probably caused the rendition of an improper judgment. See Tex.R.App.P. 44.1(a)(1); State v.
Cent. Expressway Sign Associates, 302 S.W.3d 866, 870 (Tex. 2009). When erroneously
admitted or excluded evidence was crucial to a key issue, the error is most likely harmful. Cent.
Expressway Sign Associates, 302 S.W.3d at 870. On the other hand, the admission or exclusion
of a particular exhibit is likely harmless if the evidence was cumulative of other evidence in the
record, or the if the balance of the evidence in the case was so one-sided that the error was not
likely to have affected the judgment. Id.
            In Issue Three, Mr. and Mrs. Puentes challenge the trial court’s decision to admit
“Plaintiff’s Exhibit 4,” Fannie Mae’s second business records affidavit in its entirety, on the basis
that the affidavit contained testimony beyond the scope of applicable hearsay exception. Fannie
Mae offered the exhibit under the business records exception to the hearsay rule, which permits
evidence which otherwise would be inadmissible to be admitted if it meets certain specific
criteria. See Tex.R.Evid. 803(6). To be admissible under this exception, the proponent of the
evidence must demonstrate: (1) the records were made and kept in the course of a regularly
conducted business activity; (2) it was the regular practice of the business activity to create such
records; (3) the records were created at or near the time of the event recorded; and (4) the records
were created by a person with knowledge who was acting in the regular course of business. 
Riddle v. Unifund CCR Partners, 298 S.W.3d 780, 782 (Tex.App.--El Paso 2009, no pet.). 
These prerequisites to admissibility may be provided in the form of an affidavit by the custodian
of records, or other qualified witness who has personal knowledge of the information contained
therein. See Duncan Dev., Inc. v. Haney, 634 S.W.2d 811, 813-14 (Tex. 1982).
            The Puenteses do not contend that the affidavit fails to establish the requisite elements of
the exception. Their argument is limited to the complaint that the final paragraph of the affidavit,
in which the affiant describes the date and manner in which Fannie Mae states that notices to
vacate were transmitted to the occupants of the property, because there is no evidence that the
affiant had personal knowledge of the information, and the information was not related to any of
the elements of the exception, and was therefore outside the scope of the exception. With regard
to the first argument, the opening paragraph of the affidavit specifically states that the affiant has
“personal knowledge of the facts contained in this Affidavit and that they are true and correct.” 
As such, the affidavit, demonstrates on its face that the affiant had the requisite knowledge of the
facts contained in the document, and the trial court did not abuse its discretion by overruling this
argument.
            With regard to the Puentes’ second argument, they summarily conclude that the allegedly
offending paragraph is inadmissible hearsay, “because it purports to give testimony with respect
to facts outside the scope of the business records exception.” The only authority cited in the brief
to support this proposition generally addresses the personal knowledge requirement for a
business records affiant. See Nissan Motor Co. v. Armstrong, 145 S.W.3d 131, 140 (Tex. 
2004)(discussing the “hearsay within hearsay” problems raised by manufacturer’s documentation
of consumer complaints, and noting that to the extent complain records were offered to prove the
truth of the matters asserted, such records could not be admissible under the business records
exception “unless the employee making the record had personal knowledge of each
[complaint]”); In re A.T., No. 02-04-00355-CV, 2006 WL 563565, *3 (Tex.App.--Fort Worth
March 9, 2006, pet. denied)(mem. op., not designated for publication)(a business records affiant
is not required to have personal knowledge of the contents of the records, but must have personal
knowledge of the manner in which the records were prepared). 
            Even if we were to assume for the sake of argument, that the paragraph was hearsay, and
rendered the entire affidavit inadmissible, any error in its admission is harmless as the testimony
is cumulative of other evidence in the record. See Cent. Expressway Sign Associates, 302
S.W.3d at 870. The attached records include copies of the April 1, 2009 notices, documentation
that the notices were mailed to the 576 Mogollon address, and documentation that they posted
via certified mail. In addition, the affidavit itself, with identical attachments had been on file
with the trial court, without objection, for several months prior to trial. As the potential error
created by the affidavit’s admission was not harmful, the trial court’s ruling is not a basis for
reversal. See Tex.R.App.P. 44.1(a). Issue Three is overruled.
            The Puentes’ remaining appellate issues raise related arguments which they contend
demonstrate the invalidity of the judgments flowing from the Second JP Suit. In Issue One, they
argue the judgment in the Second JP Suit, and by appeal, the judgment in the county court are
barred by res judicata. In Issue Two, they contend that Fannie Mae’s failure to appeal the
judgment in the First JP Suit divested that court and the County Court at Law of subject-matter
jurisdiction over the Second JP Suit. Because Issue Two raises such a jurisdictional challenge,
we will address it before discussing Issue One.
            Whether a court has subject-matter jurisdiction is a question of law to be reviewed de
novo. Mayhew v. Town of Sunnyvale, 964 S.W.2d 922, 928 (Tex. 1998). Justice courts have
original jurisdiction over forcible-detainer suits. See Tex.Prop.Code Ann. § 24.004 (West
2000); Tex.Gov’t Code Ann. § 27.031(a)(2)(West Supp. 2010). The justice court’s judgment
may be appealed to the county court for de novo review. Tex.R.Civ.P. 749; Hong Kong Dev.,
Inc. v. Nguyen, 229 S.W.3d 415, 434 (Tex.App.--Houston [1st Dist.] 2007, no pet.). The county
court’s appellate jurisdiction is limited to the original jurisdiction of the justice court. Black v.
Washington Mut. Bank, 318 S.W.3d 414, 416-17 (Tex.App.--Houston [1st Dist.] 2010, pet.
dism’d w.o.j.).
            In both courts, the sole issue to be determined in a forcible detainer suit is the petitioner’s
right to immediate possession of the real property at issue. Black, 318 S.W.3d at 416. No other
issues, controversies or rights of the parties related to the property, including title, can be
adjudicated in such a suit. Nguyen, 229 S.W.3d at 434. In simpler terms, a forcible detainer suit
asks one simple, and specific question: “who has right to possess the property now?” See Black,
318 S.W.3d at 417; Valencia v. Garza, 765 S.W.2d 893, 899 (Tex.App.--San Antonio 1989, no
writ). Because the judgment in such a case is necessarily limited to the scope of the suit, an
award of possession on a particular date does not implicate a party’s possessor right on a future
date. See Garza, 765 S.W.2d at 899.
            Based on the nature of the cause of the particular cause of action at issue here, the
judgment in the First JP Suit was nothing more than a determination that, at that time, the
Puenteses had a superior right to possess the property. We are unaware of, and the Puenteses’
brief does not cite to any authority requiring an appeal from a justice court’s judgment of
possession for purposes of maintaining its subject-matter jurisdiction. To the contrary, such a
requirement would destroy the usefulness of the cause of action itself, by defeating its
immediacy. See Holcombe v. Lorino, 124 Tex. 446, 79 S.W.2d 307, 309 (1935)(stating the
purpose for the forcible entry and detainer proceedings is to provide “a summary, speedy, simple,
and inexpensive remedy for the determination of who is entitled to the possession of premises
without resorting to an action upon the title”). As the First JP Suit had no effect on the justice
court’s jurisdiction to consider the Second JP Suit, and Fannie Mae was not required to appeal
the judgment. Issue Two is overruled.
            In Issue One, Mr. and Mrs. Puentes contend that the County Court’s judgment must be
reversed on the basis that res judicata precluded the Second JP Suit. Res judicata is an
affirmative defense. Tex.R.Civ.P. 94. The party claiming the defense must prove: (1) a prior
final judgment on the merits by a court of competent jurisdiction; (2) the identity of the parties,
or those in privy with them; and (3) a second action based on the same claims which were, or
could have been raised in the first action. Pagosa Oil and Gas, L.L.C. v. Marrs and Smith
P’ship, 323 S.W.3d 203, 215 (Tex.App.--El Paso 2010, pet. denied). Res judicata precludes both
the re-litigation of claims that have been previously adjudicated, as well as subsequent litigation
of claims which arose out of the subject matter of the prior litigation. Pagosa Oil and Gas, 323
S.W.3d at 215-16.
            The only element in dispute in this case is whether the Second JP Suit was, in fact, a
second action based on the same claims as the First JP Suit. At first glance, the two forcible
detainer suits are seemingly identical. However, as we discussed on our analysis of Issue Two, a
forcible detainer cause of action is uniquely limited in time. See Garza, 765 S.W.2d at 899.
            Turning to the record before us, despite their facial similarity, the Second JP Suit was
actually a new and independent action to determine which party had the superior right of
immediate possession at the time it was filed. See Black, 318 S.W.3d at 417; Garza, 765 S.W.2d
at 899. It was not a “re-litigation” of the right to immediate possession at the time of the First JP
Suit, and therefore does satisfy the third element of res judicata. See Pagosa Oil and Gas, 323
S.W.3d at 215-16. Accordingly, the County Court did not err by denying the Puenteses 
judgment on their affirmative defense. Issue One is overruled.
            Having overruled all of Appellants’ issues, we affirm the trial court’s judgment.



August 31, 2011
DAVID WELLINGTON CHEW, Chief Justice

Before Chew, C.J., McClure, and Rivera, JJ.