**Affirmed and Memorandum Opinion filed March 19, 2024**



In The

# Fourteenth Court of Appeals

---

### NO. 14-23-00012-CV

---

**ERICA PICHARDO DE CEJA, Appellant**

**V.**

**SHAFAII INVESTMENTS LTD, Appellee**

---

**On Appeal from the County Civil Court at Law No. 3**
**Harris County, Texas**
**Trial Court Cause No. 1190316**

---

## MEMORANDUM OPINION

Appellant Erica Pichardo de Ceja appeals the trial court's summary judgment against her. In two issues she contends the trial court (1) lacked jurisdiction; and (2) erroneously granted summary judgment in favor of appellee Shafaii Investments Ltd. We affirm the trial court's judgment.

BACKGROUND

Appellee instituted foreclosure proceedings against appellant and foreclosed on the property. Appellee purchased the property at a non-judicial foreclosure sale. Thereafter, appellee sent a notice to vacate to appellant and filed a suit for forcible detainer against appellant in the justice court. The justice court granted possession to appellee, and appellant appealed to a county court.

Appellant filed a lawsuit against appellee in a district court alleging wrongful foreclosure and other causes of action. Appellant then filed a plea to the jurisdiction in the county court alleging a title dispute to the property that deprived the county court of jurisdiction because an issue of title first needed to be determined. In the plea to the jurisdiction, appellant argued that appellee "consciously and fraudulently refused to accept payment from [appellant]" and that such lack of payment was the pretext for foreclosing on the property. Appellant further alleged that appellee was retaliating against appellant for her participation in a separate civil lawsuit against appellee.

Appellee filed a motion for summary judgment in the county court. Appellee argued that appellant executed a deed of trust and security agreement wherein she granted a deed of trust lien in and against the property "to secure her performance of obligations" in the real estate lien note executed by appellee. The deed of trust contains a provision that any person in possession of any part of the premises shall be deemed a tenant-at-will of the purchaser at the foreclosure sale and shall be liable for a reasonable rental for the use of said premises. The deed of trust further provides that "if any such tenants refuse to surrender possession of said premises upon demand, the purchaser shall be entitled to institute and maintain the statutory action of forcible entry and detainer." Appellee contended that it purchased the property at the non-judicial foreclosure sale pursuant to the

deed of trust. Thereafter, appellee sent appellant a "Demand for Immediate Possession and Notice to Vacate" letter. Appellant refused to vacate, and appellee filed a forcible detainer action seeking a writ of possession.

Attached to the motion for summary judgment were four exhibits, including the deed of trust, the substitute trustee's deed, and the demand for immediate possession and notice to vacate. The notice to vacate stated that appellee had purchased the property at the foreclosure sale and demanded that appellant immediately vacate and surrender possession of the property within three days or a forcible detainer action would be filed. The notice to vacate was sent by first class mail and certified mail on December 21, 2021. More than a month later, appellee filed the forcible detainer action in the justice court.

Appellant responded arguing that because appellee had relied on the exhibits which referenced the foreclosure sale, appellee had intertwined the issue of title and possession, depriving the county court of jurisdiction to determine the issue of possession. Appellant also argued that the notice of default prior to the foreclosure sale was not properly delivered and disputed whether that notice was "proper."

The county court granted appellee's motion for summary judgment, awarding possession to appellee.

## JURISDICTION

In her first issue appellant argues that the trial court did not have jurisdiction to decide the issue of possession of the real property at issue due to a title dispute. Appellant argues that the trial court lacked jurisdiction because the foreclosure sale conducted was wrongful and "any judicial order that stems from it would be unjust." Appellant's argument is that the "question of title [is] so intertwined with the issue of possession so as to preclude adjudication of the right to possession

3

without first determining title." Specifically, appellant argues that the notice of default sent by appellee was "defective." Appellant also contends that the notice to vacate was inadequate, the forcible detainer action was filed too soon, and appellee cannot assert a superior right to possession. Finally, appellant argues that "there is no justiciable issue in this case that this court can resolve" and the case should be dismissed.

## A. Standard of Review

Whether a court has subject matter jurisdiction is a question of law. *Tex. Dept. of Parks & Wildlife v. Miranda*, 133 S.W.3d 217, 226 (Tex. 2004). Whether a pleader has alleged facts that affirmatively demonstrate the trial court's jurisdiction is a question of law reviewed de novo. *Id.* Whether undisputed evidence of jurisdictional facts establishes a trial court's jurisdiction is also a question of law. *Id.* "When a plea to the jurisdiction challenges the pleadings, we determine if the pleader has alleged facts that affirmatively demonstrate the trial court's jurisdiction to hear the cause." *Id.* "[I]n a case in which the jurisdictional challenge implicates the merits of the plaintiffs' cause of action and the plea to the jurisdiction includes evidence, the trial court reviews the relevant evidence to determine if a fact issue exists." *Id.* at 227. This standard generally mirrors that of a summary judgment under Texas Rule of Civil Procedure 166a(c). *Id.* at 228.

## B. General Legal Principles

A justice court in the precinct in which real property is located has jurisdiction over a forcible detainer suit. Tex. Prop. Code § 24.004; Tex. Gov't Code § 27.031(a)(2). The sole issue decided in a forcible detainer action is the entitlement to actual and immediate possession and the merits of title shall not be adjudicated. *Black v. Wash. Mut. Bank*, 318 S.W.3d 414, 416 (Tex. App.—Houston [1st Dist.] 2010, pet. dism'd w.o.j.). A justice court has no jurisdiction to

4

decide issues to determine or adjudicate title to land. *See* Tex. Gov't Code § 27.031(b).

A forcible detainer suit may be appealed to the county court for a trial de novo. Tex. R. Civ. P. 506.3. "A trial de novo is a new trial in which the entire case is presented as if there had been no previous trial." *Id.* The appellate jurisdiction of the county court is limited to the jurisdictional limits of the justice court. *Black*, 318 S.W.3d at 417. Thus, in an appeal of a forcible detainer action to the county court, the court is restricted to the jurisdictional limits of the justice court regardless of other statutory grants of jurisdiction to the county court. *Id.* A county court on appeal of a forcible detainer action lacks jurisdiction to resolve questions of title beyond the immediate right to possession. *Id.* "[A] justice court is not deprived of jurisdiction merely by the existence of a title dispute; rather, it is only deprived of jurisdiction if the right to immediate possession necessarily requires the resolution of a title dispute." *Id.*

A deed of trust may include a clause that creates a landlord-tenant relationship when a property is foreclosed. *See Pinnacle Premier Props., Inc. v. Breton*, 447 S.W.3d 558, 564 (Tex. App.—Houston [14th Dist.] 2014, no pet.). Under these circumstances, a defendant's complaints about defects in the foreclosure process generally do not require a justice court to resolve a title dispute before determining the right to immediate possession, and the justice court has jurisdiction. *Id.*; *Williams v. Bank of New York Mellon*, 315 S.W.3d 925, 927–28 (Tex. App.—Dallas 2010, no pet.); *see also Wilder v. Citicorp Trust Bank, F.S.B.*, No. 03-13-00324-CV, 2013 WL 1207979, *2 (Tex. App.—Austin Mar. 18, 2014, pet. dism'd w.o.j.) (mem. op.) (rejecting argument that landlord-tenant relationship provided within deed of trust after foreclosure sale depended on resolution of whether foreclosure sale was done properly); *Onabajo v. Household Fin. Corp. III*,

5

No. 03-15-00251-CV, 2016 WL 3917140, *2 (Tex. App.—Austin July 14, 2016, no pet.) (mem. op.) ("Defects in the foreclosure process cannot be used either to negate a landlord-tenant relationship provision in a deed of trust or to raise a question of title depriving the justice or county courts of jurisdiction to resolve the question of immediate possession."); *Trujillo v. Shafaii Invsts., Ltd.*, No. 01-22-00819-CV, 2024 WL 187440, *4 (Tex. App.—Houston [1st Dist.] Jan. 18, 2024, no pet. h.) (mem. op.) ("It is well settled that defects in the foreclosure process do not affect a justice court's jurisdiction over a forcible detainer action.").

## C.    Analysis

The deed of trust provides that a landlord-tenant relationship would result after foreclosure sale and appellant would become a tenant at will. The deed of trust further provides that "if any such tenants refuse to surrender possession of said premises upon demand, the purchaser shall be entitled to institute and maintain the statutory action of forcible entry and detainer." Appellant does not challenge the validity of the deed of trust.

Because the deed of trust creates a landlord-tenant relationship upon foreclosure sale of the property, appellant's complaints about defects in the foreclosure process, such as defective notices, do not implicate questions of title that must be decided prior to the issue of possession. *See Yarbrough v. Household Fin. Corp. III*, 455 S.W.3d 277, 282 (Tex. App.—Houston [14th Dist.] 2015, no pet.) ("Where there is no dispute that the parties agreed to a tenancy relationship in the event of foreclosure, the tenancy relationship provides an independent basis for resolving the issue of possession."); *Pinnacle Premier Props.*, 447 S.W.3d at 564; *Trujillo*, 2024 WL 187440, at *2. Appellant's contention that the notice to vacate was "inadequate" also does not implicate the county court's jurisdiction and, instead, goes to the merits of the issue of possession.

We conclude that neither the county court nor the justice court were required to resolve issues of title to determine the parties' rights to immediate possession of the property. *See Yarbrough*, 455 S.W.3d at 282; *Salaymeh v. Plaza Centro, LLC*, 264 S.W.3d 431, 436 (Tex. App.—Houston [14th Dist.] 2008, no pet.) (justice court not required to resolve title issues to determine immediate right to possession where party "presented duly executed and recorded special warranty deed reflecting conveyance . . ., and [party] asserted that [the] appellant was occupying premises as a tenant-at-will . . . and held over following a written demand to vacate the premises"); *Onabajo*, 2016 WL 3917140, at *2 ("Defects in the foreclosure process cannot be used either to negate a landlord-tenant relationship provision in a deed of trust or to raise a question of title depriving the justice or county courts of jurisdiction to resolve the question of immediate possession.").

We overrule appellant's first issue.

### SUMMARY JUDGMENT

In her second issue appellant argues that the notice to vacate "references a foreclosure sale and states that notice of that sale was 'posted as required by applicable law and the terms of the Deed of Trust.'" Appellant contends that because the notice to vacate invokes the sale and loan documents relating to the foreclosure, appellee "creates its own fact issue and intertwines the issue of possession directly with the pending issue of title" pending in the district court. Appellee contends that referencing these documents "invites the Trial Court to investigate the documents in question" and whether the notices were actually delivered or proper at all.

## A. Standard of Review

We review a trial court's summary judgment de novo. *Exxon Mobil Corp. v. Rincones*, 520 S.W.3d 572, 579 (Tex. 2017). We take as true all evidence favorable to the nonmovant and indulge every reasonable inference and resolve any doubts in the nonmovant's favor. *Id.* The evidence is conclusive only if reasonable people could not differ in their conclusions. *Universal MRI & Diagnostics, Inc. v. Med. Lien Mgmt. Inc.*, 497 S.W.3d 653, 658 (Tex. App.—Houston [14th Dist.] 2016, no pet.). A trial court must grant a motion for summary judgment if the evidence shows that there is no genuine issue of material fact and the moving party is entitled to judgment as a matter of law on the issues expressly set out in the motion. *Draughon v. Johnson*, 631 S.W.3d 81, 87 (Tex. 2021) (citing Tex. R. Civ. P. 166a(c)). "A plaintiff moving for summary judgment must conclusively establish all essential elements of its cause of action as a matter of law." *Universal MRI*, 497 S.W.3d at 658.

## B. General Legal Principles

A forcible detainer action is the procedure used to determine the right to immediate possession of real property if there is no unlawful entry. *Hong Kong Dev., Inc. v. Nguyen*, 229 S.W.3d 415, 433 (Tex. App.—Houston [1st Dist.] 2007, no pet.). A forcible detainer action is a special proceeding designed to be a speedy, simple, and inexpensive means to obtain immediate possession of the property. *Coinmach Corp. v. Aspenwood Apt. Corp.*, 417 S.W.3d 909, 919 (Tex. 2013). Consistent with this purpose we have repeatedly recognized that a judgment of possession in a forcible detainer action is a determination only of the right to immediate possession and does not determine the ultimate rights of the parties to any other issue in controversy relating to the property at issue. *See, e.g.*, *Williams v. Bayview-Realty Assocs.*, 420 S.W.3d 358, 361 (Tex. App.—Houston [14th Dist.]

2014, no pet.); *Nguyen*, 229 S.W.3d at 437; *Valencia v. Garza*, 765 S.W.2d 893, 899 (Tex. App.—San Antonio 1989, no writ).

Under the Texas Property Code, if a person is a tenant at will and refuses to surrender possession of real property on demand, then that person commits a forcible detainer. Tex. Prop. Code § 24.002(a)(2). "A demand for possession must be made in writing by a person entitled to possession of the property and must comply with the requirements for notice to vacate under Section 24.005."[1] *Id.* § 24.002(b). Under Section 24.005(b), if the occupant is a tenant at will, then the landlord must give the tenant at least three days' written notice to vacate prior to filing a forcible detainer suit unless the parties have a written contract providing for a shorter or longer notice period. *Id.* § 24.005(b). The notice may be given by regular mail, registered mail, or certified mail, return receipt requested, sent to the premises in question. *Id.* § 24.005(f).

A forcible detainer suit requires proof of a landlord-tenant relationship. *Yarbrough*, 455 S.W.3d at 280. While such a relationship is not a prerequisite to jurisdiction, the lack of such a relationship may indicate a title issue. *Id.* (citing *Academy Corp. v. Sunwest N.O.P., Inc.*, 853 S.W.2d 833, 834 (Tex. App.—Houston [14th Dist.] 1993, writ denied); *Pinnacle Premier Props., Inc.*, 447 S.W.3d at 564 n.9).

## C.    Analysis

In its summary judgment motion appellee presented a duly executed and recorded substitute trustee's deed reflecting conveyance of the property to

---

[1] We acknowledge that while there are legal differences between a tenancy at will and a tenancy at sufferance, they are treated the same in the Property Code for purposes of a forcible detainer action as far as notice and entitlement to file a suit for possession. *See* Tex. Prop. Code §§ 24.002, 24.005; *see also Coinmach*, 417 S.W.3d at 915–16 (discussing legal distinction between tenancy at will and tenancy at sufferance).

9

appellee. Appellee asserted that appellant was occupying the property as a tenant at will under the deed of trust. The notice to vacate demanded immediate possession and provided for three days' notice to vacate the premises. The notice to vacate further states that appellee would institute a forcible detainer action if appellant did not vacate in that time. The notice to vacate was sent by first class mail and certified mail on December 21, 2021. More than a month later appellee filed the forcible detainer lawsuit.

Appellee attached the deed of trust, the substitute trustee's deed, and the notice to vacate as exhibits to its motion for summary judgment. Appellee also attached the affidavit of its president and director attesting that appellant executed the deed of trust, the property was foreclosed by a substitute trustee, appellee purchased the property at the foreclosure sale, and such purchase was reflected by the substitute trustee's deed. Appellee's president further attested that the notice to vacate was sent on December 21, 2021, by both regular mail and certified mail to appellant at the property.

Appellee sought summary judgment on its forcible detainer suit as the owner of the property pursuant to the substitute trustee's deed, that as the owner it provided the notice to vacate by certified mail, return receipt requested, sent to the property in question, and demanded that appellee vacate the property. The notice to vacate terminated appellant's tenancy at will, as provided under the Texas Property Code and the deed of trust. The teed of trust indicated that the purchaser at a foreclosure sale would be entitled to possession upon demand, which appellee sent as provided under the Texas Property Code. Through the evidence presented, appellee established its right to immediate possession of the property as a matter of law. *See Williams*, 315 S.W.3d at 927 ("[The] appellee proved its right to possession of the property by presenting in evidence the substitute trustee's deed,

the deed of trust, and notice to [the] appellant and the other residents of the property to vacate."); *Gardocki v. Fed. Nat'l Mortg. Ass'n*, No. 14-12-00921-CV, 2013 WL 6568765, at *4 (Tex. App.—Houston [14th Dist.] Dec. 12, 2013, no pet.) (mem. op.) ("[Plaintiff] presented (1) the original deed of trust containing a tenancy at sufferance clause; (2) the special warranty deed . . . after purchasing the property []; (3) the substitute trustee's deed []; and (4) proof of its demand to [the defendant] to vacate the property. These documents showed that [the defendant] was a tenant at sufferance who had refused to surrender possession, satisfying the elements of a forcible detainer."). As a result, the burden shifted to appellant to present a fact issue to prevent summary judgment.

Appellant contended in the county court and here on appeal that the notice of default was not properly delivered and disputed that the notice of default was "proper." Appellant also asserted that she attempted to make the note payment to appellee but appellee refused to accept payment. Both arguments allege defects in the foreclosure process. *See Pinnacle Premier Props., Inc.*, 447 S.W.3d at 564 ("Appellees articulate a title dispute, but it is based entirely on their contention that the foreclosure was improper . . . . However, because the deed of trust contained a valid tenant-at-sufferance clause, appellees do not allege a title dispute that is intertwined with the right of immediate possession."); *Williams*, 315 S.W.3d at 927–28 ("Any defects in the foreclosure process or with appellee's title to the property may not be considered in a forcible detainer action."); *Trujillo*, 2024 WL 187440, at *4 ("It is well settled that defects in the foreclosure process do not affect a justice court's jurisdiction over a forcible detainer action.").

Appellant further contends that appellee intertwined the issue of possession and title by relying on the deed of trust and substitute trustee's deed to prove the landlord-tenant relationship in its motion for summary judgment. However, this

argument has already been rejected by this court. *See Reynoso v. Dibs US, Inc.*, 541 S.W.3d 331 337–38 (Tex. App.—Houston [14th Dist.] 2017, no pet.) ("In such cases, the need to introduce the deed of trust to prove the landlord-tenant relationship does not affect the justice (or county) court's jurisdiction because the validity of the title is not in issue. The tenancy-at-sufferance status suffices as a basis for the forcible-detainer action even though the foreclosure sale later might be set aside.").

In short, appellant does not cite to any evidence raising a fact issue on possession and instead only alleges defects in the foreclosure process. Having concluded that appellee established its right to summary judgment on the issue of possession, we conclude that the county court properly granted summary judgment in favor of appellee.

We overrule appellant's second issue on appeal.

## CONCLUSION

We affirm the judgment of the trial court.

/s/     Ken Wise
        Justice

Panel consists of Justices Wise, Zimmerer, and Poissant.

12