Michael Boyd BEELER,
Plaintiff-Appellee,

v.

Carol Ann Reid BEELER,
Defendant-Appellant.

Court of Appeals of Tennessee,
Eastern Section.

May 23, 1986.

Permission to Appeal Denied by
Supreme Court Sept. 8, 1986.

John D. Lockridge, David L. Valone, Lockridge & Becker, P.C., Knoxville, for defendant-appellant.

L. Caesar Stair, III, Allyn M. Lay, Jr., Bernstein, Susano & Stair, Knoxville, for plaintiff-appellee.

## OPINION

FRANKS, Judge.

In this action, the wife was granted the divorce but has appealed the refusal of the trial judge to award her alimony *in futuro* and to treat the husband's license to practice dentistry as marital property.

At the time of the parties' marriage in December, 1973, the husband had completed his first year of dental school; thereafter the wife worked as a teacher until the husband's graduation in December of 1975, when the parties moved to Knoxville. The husband testified he had financed his professional education primarily through a combination of loans and scholarships. The wife testified she earned $7,800.00 during her first year of teaching. As to the wife's contributions, the trial court noted:

> [T]he wife contributed substantially to the marriage at its commencement. All things being relative ... her contribution of a new MGB sports car and sailboat, and several thousand dollars of other assets, would qualify her in Old English terms as having brought a significant dowry. The husband brought his car to the marriage and some little savings.

Upon moving to Knoxville, the husband began his dental practice and presently has an additional office in Norris. The wife was not employed during most of the time the parties have resided in Knoxville but at the time of the divorce she was holding two part-time jobs, one of which paid $4,500.00 per year. Although she has a B.S. degree in elementary education, she lacks teacher certification.

As property division, the court determined the equity in the parties' home was 31.3 thousand dollars and awarded the wife one-half. The cars and furniture were divided, the former producing "a benefit of some $9,000.00 to the husband", the latter a benefit of "some $3,250.00 in favor of the wife." The husband was ordered to hold the wife harmless on "all business and marital debts of the parties", except for a $6,000.00 note running in favor of the wife's father, and a $1,500.00 credit card bill.

As a further "incident of property division", husband was awarded his dental practice which the court determined to have a value of "at least $6,000.00".

The wife was also awarded $10,650.00, characterized as alimony *in solido*, representing the husband's equity in the house, with the $5,000.00 remaining equity awarded to the husband in the property settlement.

The husband was ordered to pay child support "in a graduating figure", starting at $400.00 per month and increasing $100.00 a month thereafter, to a maximum of $1,000.00. The court's order obligated the wife to pay debts of $49,471.00, which includes the mortgage on the home in the amount of $32,686.00. The husband was ordered to pay the remaining debts totalling $68,067.00.

■ The wife insists that the husband's professional license is "subject to equitable division upon divorce".

T.C.A., § 36–4–121(b)(1) defines "marital property" as "all real and personal property, both tangible and intangible, acquired by either or both spouses during the course of the marriage and presently owned by either or both spouses...." T.C.A., § 36–4–121(c) lists the factors that courts are required to consider in making an equitable division of marital property, including "[t]he tangible or intangible contribution by one (1) party to the education, training, or increased earning power of the other party...." This court has observed that alimony *in solido* is not awarded from the expectation of the future earnings of a professional practice, since the amount of such future earnings is entirely specula-

tive. *See Aleshire v. Aleshire,* 642 S.W.2d 729 (Tenn.App.1981).

T.C.A., § 36–4–121 indicates that a professional license is not itself an item of marital property subject to division. The statute, however, instructs that one spouse's contribution to the other's professional education is one factor to be considered by the court in equitably dividing a marital estate. The clear implication is the contributing spouse should be compensated for his or her contribution in arriving at an equitable division of the parties' property. Numerous courts have adopted this approach, recognizing the real difference between a spouse's attainment of a professional degree and that spouse's later acquisition of a professional license and practice.

In *Moss v. Moss,* 639 S.W.2d 370 (Ky. App.1982), the court said:

A license, however, is an illusory asset, one which represents merely a potential for increased earnings. The license is no more and no less than the authorized right to engage in the profession selected. To say the license has no value obviously would be wrong, but it is just as obvious that such value is only intrinsic and intangible and not equatable with dollar amounts as are things of extrinsic and tangible value. *Id.,* at 374.

The court further noted a spouse's professional practice as opposed to his license "may or may not materialize into some definite status of value." While the future proceeds of a professional practice may be uncertain, however, "[r]etrospectively it is reflected in accumulation of property and standard of living, always subject to consideration and division...." *Id. Accord: Mahoney v. Mahoney,* 91 N.J. 488, 453 A.2d 527 (1982).

It is generally held that a spouse is entitled to be compensated according to the amount of his or her contribution to the other spouse's training. Factors to be considered include the amount contributed by the spouse to educational and living expenses and the professional spouse's potential for increased earning capacity. *Inman v. Inman,* 648 S.W.2d 847 (Ky.1982). Accord: *Washburn v. Washburn,* 101 Wash.2d 168, 677 P.2d 152 (1984).

In the instant case, the wife was awarded approximately $75,000.00 in assets against approximately $49,000.00 in liabilities. The husband was awarded approximately $52,000.00 in assets and $68,000.00 in liabilities. In addition, the wife received an award of $1,050.00 to take courses necessary for certification as a teacher. T.C.A., § 36–5–101(d)(9) establishes "tangible and intangible contributions by a party to the education, training or increased earning power of the other party" as a factor to be considered in awarding support and maintenance. The property settlement and award of alimony *in solido* demonstrate the trial judge took into account the wife's contribution during the husband's professional schooling. We find no basis to award further alimony.

■ The husband argues the trial court erred in awarding wife's counsel $2,500.00 in attorney's fees. This argument is primarily based on the fact that the motion for attorney's fees was made more than 30 days after the entry of judgment. The record establishes the wife filed a motion for a new trial "or in the alternative for reconsideration of the court's judgment" on May 24th, four days after the trial court's judgment was entered. The motion for attorney's fees was filed on June 25, 1985, while the motion for a new trial was pending. The motion for attorney's fees, for which appellant prayed in her counter-complaint, was treated, in effect, as an amendment to the motion for a new trial. We conclude the awarding of fees was a proper exercise of discretion by the trial court.

Finally, the husband contends the trial judge erred in awarding alimony *in solido* and in awarding child support in increasing incremental amounts. As noted, the award of alimony *in solido* was proper in view of the wife's contribution to the husband's professional education and other factors.

■ The husband contends incremental increases in child support are invalid under the rationale of *Parker v. Parker,* 497

S.W.2d 572 (Tenn.1973), where the Supreme Court held annual increases in child support keyed to the cost of living were improper. The court observed it could not accurately "predict whether the cost of living will increase or the amount of any increase that may occur" and that, in any case, the court could alter the amount in the future upon "cause being shown."

In the instant case, the trial judge's incremental award is not subject to the unpredictable fluctuation found in *Parker.* The basis for the support award by the court is explained in the opinion:

> The Court has a great deal of compassion and understanding for the husband's recent business problems. However, we must note that there has been massive mismanagement of the marital assets, one of which is this doctor's time. And, from the testimony of his own expert witness, the relationship between his gross income and profit is shockingly low.
>
> The Court's convinced that that will change in the near future, and being of that conviction, it will set child support with an escalating figure, ...

We find no basis in the record to alter the award of child support.

The judgment of the trial court is affirmed and the cause remanded, with costs incurred on appeal assessed one-half to each party.

SANDERS and GODDARD, JJ., concur.