ACCEPTED
01-14-00952-CV
FIRST COURT OF APPEALS
HOUSTON, TEXAS
6/1/2015 10:01:09 PM
CHRISTOPHER PRINE
CLERK

No. 01-14-00952-CV

IN THE COURT OF APPEAL

FOR THE FIRST DISTRICT OF TEXAS

HOUSTON, TEXAS

FILED IN
1st COURT OF APPEALS
HOUSTON, TEXAS

6/1/2015 10:01:09 PM

CHRISTOPHER A. PRINE
Clerk

HERBERT JACKSON

Appellant-Respondent

PATRICIA JACKSON

Appellee-Applicant

Appeal from the 328TH JUDICIAL DISTRICT COURT

CAUSE NO. 14-DCV-217167

FORT BEND COUNTY, TEXAS

BRIEF FOR APPELLANT

Annie P. Briscoe
1217 Prairie St., Suite 207
Houston, Texas 77002
713 270-8732 Telephone
713 227-0066 Telecopier

anniepump@yahoo.com

Attorney for Appellant Herbert Jackson

# TABLE OF CONTENT

Certificate of Interested Persons ..................................................................4

Statement regarding oral arguments.......................................................... 4

Table of Contents ...................................................................................... .2

Table of Citations.............................................................................. 3, 4

Statement of the Issues ............................................................................5

    Issue One ...................................................................................5

    Issue Two ..................................................................................... 5

Statement of the Case........................................................................5,6

Summary of arguments...........................................................................7

Argument and authorities ..................................................................7-12

Prayer for relief ................................................................................ 12

Certificate of Service ......................................................................... 13.

# TABLE OF CITATIONS

STATUTES, CASES AND AUTHORITIES                                    Page3

## STATUTES

Art. V, § 6 of the Texas Constitution                                10

Tex. Fam. Code Ann. 71.001                                           8
Tex. Fam. Code Ann. § 81.001 (Vernon 1999)

TEX.R. CIV. EVID. 901(a). Rule 901(b) of the Texas Rules of Civil    8

and Criminal Evidence

Tex. R. Crim. Evid. 404(b).                                         12

Texas Rules of Procedure Nos. 451, 453, and 455                     10

## PERIODICALS

Revisiting Standards of Review in Civil Appeals, 24 St. Mary's L.J. 1045, 1145 (1993).    11

## CASES

Boykin v. State, 818 S.W.2d 782, 785 (Tex.Cr.App.1991)                9
Choate v. San Antonio & AP Ry Co. 90 Tex 1896                        10
Cockerham v. Cockerham 218 S.W 3rd 298 (2007)                         8

DeLuna v. State 711 S.W. 2d44, 46 (Tex. Crim. App. 1986)              8

Faulk v. State, 608 S.W.2d 625, 630 (Tex.Cr.App.1980).               11
Huffman v. State, 746 S.W. 2d 212. 222 (Tex. Crim. App 1988)          9
In re Epperson 1213 S. w 3d 541, 543 (Tex. V Court of Appeals 2007, no pet.)    11
In re Tex. Dep't of Family & Protective Servs., 210 S.W.3d 609, 612 (Tex.2006)    12
Jakobe v. Jakobe, No. 02- 04-000058 2005 Wl 503124 at 1 (Tex. App Fort Worth    8
2005 no pet.).

Meraz v. State 785 S.W. 2d 146, 149, (Tex. Crim. App. 1990)          10

Middleton v. Kawasaki Steel Corp., 687 2d 42, 44 (Tex. App. Houston [14th Dist.] 1985) writ ref;d n.r.e. per curiam. 12

Pool v. Ford Motor Co. 715 S.W. 2d 629 (Tex. 1986) 10

Valencia v. Garza 765 S.W. 2d 893, 895 ( Tex. App. San Antonio 1989 no writ). 12

Walker v. Packer, 827 SW 2d 833 - Tex: Supreme Court 1992. 9

4

## CERTIFICATE OF INTERESTED PERSONS

The undersigned counsel of record certifies that the following person have an interest

in the outcome of this case:

1. Herbert Jackson   Defendant

2. Patricia Jackson Applicant

Annie P. Briscoe
1217 Prairie St. , Suite 207
Houston, Texas 77002
713 270-8732 Telephone
713 227-0066 Telecopier
anniepump@yahoo.com
Attorney for Herbert Jackson

## STATEMENT REGARDING ORAL ARGUMENTS

Oral argument requested if the Court feels that this appeal may be aided by

oral argument.

## STATEMENT OF THE ISSUES

**ISSUE one: APPELLANT WOULD SHOW THAT THE EVIDENCE PRESENTED WAS legally and factually INSUFFICIENT TO MAKE A FINDING OF FAMILY VIOLENCE.**

**ISSUE two:  APPELLANT WOULD SHOW THAT THE COURT ABUSED ITS DISCRETION IN MAKING A FINDING OF FAMILY VIOLENCE WHICH WAS AGAINST THE WEIGHT OF THE EVIDENCE PRESENTED.**

## STATEMENT OF CASE

This is an appeal from a judgment entered on September 23, 2014 in the 328th Judicial District Court  On August 25,2104 Appellee/applicant, **PATRICIA JACKSON** filed an application for a protective order to be issued against Appellant, **HERBERT JACKSON**. Appellant filed a motion for new trial on October 7, 2014. The motion for new trial was heard on October 27, 2014 and the motion was denied. Both parties were pro se.

There were no witnesses at the hearing other than Appellee and Appellant. The evidence Was the testimony of the witnesses and some photographs.

Appellee testified that she and Appellant had been separated since 2011 that she was afraid of Appellant.  She stated that Appellant came to her house on August 18, 2014 and he entered the house  uninvited.  The parties were and are still married and no petition for divorce had been filed.  Appellant had a key to the house and entered by using his key. She gave no testimony that he struck   her that he yelled at her, that he threw things around in the house o r that he threatened her in any way.

Appellee introduced photographs but did not state when the photographs had been taken a or how she came to possess the photographs or even if the photographs were of her and how she obtained the injuries in the photographs.

Appellant refuted the testimony of Appellee He stated that they had two residences but They stayed involved with each other and had keys to each other houses. They each had keys to the two houses. Further they have vacations together in the past four years and came to each other houses on a regular basis.  They were in fact still intimate with each other and had been intimate the night before the incident in question. Appellant was not aware of any anger from

either party. His testimony was though they had problems in the marriage he believed they still had a viable marriage and was surprised at the incident

On the night or early morning in question Appellant testified that he had attempted several times to call the Appellee and he did not receive an answer. He stated he then decided to go to the house because he knew Appellee took medication and was not sure if she was alright. He stated when he got to the house he rang the doorbell but did not receive an answer. He testified he went to the back door and pulled back the already damaged screen used his key and entered the house. He stated he and Appellee were downstairs on the sofa talking when the police arrived. Appellant answered the door and the police asked him to step outside. The police made no claim of observations of scars or injuries to either party. The police made no report of having heard a disturbance as they approached. Appellee made no outcry statements to the police at the time that the police were present. Appellant stated he later found out that the neighbor had been called by Appellee's daughter, who was not at the house, and the daughter had instructed the neighbor to call the police.

There were no injuries to Appellee. Appellee did not go to the hospital and no medical r records were entered. Appellee never testified to any kind of violence at this incident. She did not claim he struck her, or pushed her, or yelled at her or tore off clothing, or did anything other than come into the house. Appellee offered photographs but did not testify as to what each of these photographs were, when they were taken, where they taken or provide any other evidence about the photographs.

On testimony from Appellant that he had not done anything to Appellee was countered by the court that the damage to the screen door amounted to violence. Appellant contended that the screen door was unstable and had been unstable for a while. Appellant reason for going to the house was to have a discussion with Appellee about their living arrangements. Also Appellant knew that Appellee took medication and after attempting to call her several time he decide to go to her house to determine if she was well.

## SUMMARY

A protective order as defined in Tex. Family code is an act by a family or household Member against another family or household member intended to result in physical harm, bodily injury, assault, sexual assault is a threat that reasonably places a member in fear of imminent physical harm, bodily injury, assault, sexual assault but does not include any act

involving self defense. **Tex. Fam. Code Ann. 71.004 (1).** It is a civil court order issued to prevent continuing acts of family violence.

A protective order and a finding of family violence carries significant social stigma. **Cockerham v, Cockerham 218 S.W.3rd 302.** For this reason a protective order should be reviewed to see if the evidence is factually and legally sufficient. **Jakobe v. Jakobe, No. 02-04-000058 2005 Wl 503124 at 1 (Tex. App Fort Worth 2005 no pet.).**

## ARGUMENT AND AUTHORITIES

**ISSUE ONE RESTATED: APPELLANT WOULD SHOW THAT THE EVIDENCE PRESENTED WAS LEGALLY AND FACTUALLY INSUFFICIENT TO MAKE A FINDING OF FAMILY VIOLENCE.**

Therefore the evidence must be evidence that can be presented and must be evidence that is presented properly.

The only evidence offered in the case was the testimony of the parties and some old photographs. In looking at all the evidence it present a clearer picture based on the conduct of the parties in the past and up to the date Of the alleged incident of whether family violence was likely to occur in the future.

The photographs were not in authenticated and therefore were merely presented to bias the Court. The time the photographs were taken, who was the person the photographs, none of this was taken into account.

There is a requirement of authentication or identification as a condition precedent to admissibility of evidence. **TEX.R. CIV. EVID. 901(a). Rule 901(b) of the Texas Rules of Civil and Criminal Evidence** contains the authentication or identification requirements for certain types of evidence. **TEX.R. CIV. EVID 901(b); TEX.R.CRIM. EVID. 901(b).** and even though photographs are not specifically state in those rules, there is a common law predicate for the admission of these items into evidence. **DeLuna v. State 711 S.W. 2d44, 46 (Tex. Crim. App. 1986)**

The introduction of a photograph requires proof of (1) its accuracy as a correct

8

representation of the subject at a given time, and (2) its relevance to a material issue.

**Huffman v. State, 746 S.W. 2d 212. 222 (Tex. Crim. App 1988).**

Appellant objected as he had not seen these photographs and therefore was unable to establish his defense or to even properly cross examine the evidence. Even though the Court has some discretion in the allowing of photographs the court has a responsibility to determine if the evidence was admissible. **Walker v. Packer, 827 SW 2d 833 - Tex: Supreme Court 1992.** Thus, Appellant should have been afforded some opportunity to defend by being able to discover the documents that Appellee was presenting rather than being surprised by the photographs.

Therefore Appellee failed to present factual of legal evidence to support her application and the case protective order should be vacated.

## ISSUE TWO RESTATED: APPELLANT WOULD SHOW THAT THE COURT ABUSED ITS DISCRETION IN MAKING A FINDING OF FAMILY VIOLENCE WHICH WAS AGAINST THE WEIGHT OF THE EVIDENCE PRESENTED.

The Court is expected to interpret the facts presented to it in an effort to rule based on the intent of the legislators in composing the statue.." **Boykin v. State 818 S.W. 2d 782, 785 (Tex. Crim, App. 1991).** A protective order as defined in Tex. Family code is an act by a family or household member against another family or household member intended to result in physical harm, bodily injury, assault, sexual assault is a threat that reasonably places a member in fear of imminent physical harm, bodily injury, assault, sexual assault but does not include any act involving self defense. **Tex. Fam. Code Ann. 71.004 (1).** It is a civil court order issued to prevent continuing acts of family violence.

If we focus our intention on this statute it is an effort to keep family members from causing serious harm to another family member. It is not an intent of the courts to referee each and every family argument. The desire is for the court to be able use the language of the statute and the meaning of the statute to be able to reach a justifiable decision which supports the statute.

Consequently Appellant would show that this verdict should be reviewed for legal sufficiency

start by considering all the evidence. Appellant would also show that evidence must be discarded when it does not support a verdict. The Texas Supreme Court has consistently interpreted **Art. V, § 6 of the Texas Constitution** to mean that the courts of civil appeals, and later the courts of appeals, have the authority and responsibility to review the verdicts in civil cases to determine whether the evidence is factually sufficient. **Meraz v. State 785 S.W. 2d 146, 149, (Tex. Crim. App. 1990);. Pool v. Ford Motor Co. 715 S.W. 2d 628 (Tex. 1986) Choate v. San Antonio & AP Ry Co. 91 Tex 406.** That court has stated that the scope of review under a factually sufficient point requires the Court of Civil Appeals, in the exercise of its peculiar powers under the constitution and **Texas Rules of Procedure Nos. 451, 453, and 455**, to consider and weigh all of the evidence in the case and to set aside the verdict and remand the cause for a new trial, if it thus concludes that the verdict is so against the great weight and preponderance of the evidence as to be manifestly unjust.

The idea of looking at the meaning of the statute is to insure that the fact finder's own interpretation of the statute will not produce an absurd result. **Faulk v. State 608 S.W. 2d 625, 630 (Tex Cr. App. 1980).**

Hence, Appellant request the court to review the trial court's findings for legal and factually sufficiency of the evidence by the same standards as in reviewing the evidence supporting a jury verdict, *Revisiting Standards of Review in Civil Appeals,* **24 St. Mary's L.J. 1045, 1145 (1993).** Since the trial court findings in a bench trial have the impact as a jury verdict it and there were no findings of fact Appellant request the Court review the complete statement of facts in the record. **Middleton v. Kawasaki Steel Corp., 687 2d 42, 44 (Tex. App. Houston [14th Dist.] 1985) writ ref;d n.r.e. per curiam.**

10

There were no formal findings of fact when Appellant asked the court what was the family violence the court stated it was the" ripping" off of the screen door. There was no testimony by either party that the screen door was ripped off. Despite this however in order for this to meet the definition of family violence there has to be some reception by the party to whom the violence was supposed to have been directed for violence to have occurred. The Appellee would either have to had seen, heard or felt the door was ripped off to be placed in fear. Further there was no testimony from Appellee that she heard the screen door being ripped or that she saw the screen door being ripped or anything about the screened or that would place her in fear. Nor can we tell from the photographs when the screen was torn. There was no investigation done by the police to corroborate Appellee's story.

Since the statute states there can be a finding of family violence if it is likely to occur again it appears from the limited evidence presented that the finding was based on something having happened before rather than any evidence that it is likely to happen again.

Though often there are inferences drawn that if something has happened in the past it will happen in the future there is no absolute assurances that a past action will happen again. **In re Epperson 213 S. W 3d 541, 543 (Tex. Court of Appeals 2007).**

The inference here however must have something more than a mere testimony of Appellee that she was afraid. This is especially true when we look at the conduct of Appellee in that she and Appellee had keys to both houses, they had been coming and going to both houses. They had been intimate as recent as the night or day before.

A more factual application would be if there is some overt act which seems to indicate that Violence is likely to occur again for example threat of some kind. Appellee presented nothing that said that Appellant had threatened her. She did indicate that he had called her names, but not indicated he had attached any threats to the name calling. Perhaps an even more sensible approach would be to view all the evidence. The courts have found that it is free for the fact finder to accept or reject all of a witness testimony. **Valencia v. Garza 765 S.W. 2d 893, 895 (Y Tex. App. San Antonio 1989 no writ).** However it would be an abuse to accept the testimony of Appellee that

she has been afraid for the past four years and ignore the testimony that she very recently gave Appellant a key and that they were intimate with each other just a few hours before without there being some other overt act of Appellant to reestablish fear. Criminal rules of evidence state that wrongs do not prove character. **Tex. R. Crim. Evid. 404(b).** That Rule provides:

> **"Evidence of other crimes, wrongs, or acts is not admissible to prove the character of a person in order to show that he acted in conformity therewith."**

Though the protective order in itself is not criminal the fact there can be consequences In which the liberty of a person can be taken away makes this element of evidence very important.

**In re Tex. Dep't of Family & Protective Servs., 210 S.W.3d 609, 612 (Tex.2006).** If the trial court fails to properly interpret the law or applies the law incorrectly, it abuses its discretion.

Therefore the court abused its discretion in making a finding that family violence had occurred and was likely to occur again and the protective order should be vacated.

**PRAYER**

**WHEREFORE PREMISES CONSIDERED,** Appellant prays that the protective order be vacated and judgment be set aside, the cause dismissed Appellant prays for any further relief.

**Respectfully submitted**

Annie P. Briscoe

**Annie P. Briscoe**
**1217 Prairie Street, Suite 207**
**Houston, Texas 77002**
**713-270-8732 Telephone**
**713 227-0066 Telecopier**
**TBN.03008500**
**anniepump@yahoo.com**
**Attorney for Appellant, Herbert Jackson**

12

# CERTIFICATE OF SERVICE

I, Attorney Annie P. Briscoe, certify that today, June 1, 2015, a copy of the brief for Appellant, were served upon

Patricia Jackson
2015 Hiltonhead Dr.
Missouri City, Texas, 77459

*Annie Briscoe*

Annie P. Briscoe